ROGERS et al. v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. November 12, 1903.)

1. STREET RAILWAYS—COLLISION WITH WAGON—EVIDENCE—EXCLAMATION OF MOTORMAN.

The statement of a motorman, after colliding with a delivery wagon, that he "could not help it," is not admissible against the railroad.

2. SAME—HARMLESS ERROR.

The statement of a motorman, after colliding with a delivery wagon, that he "could not help it," does not tend to show negligence, and its erroneous admission was not prejudicial error.

3. SAME—DAMAGES—INJURY TO WAGON.

The sum expended by the owner of a delivery wagon for the hiring of another wagon while his own is being repaired is a proper element of damages for injury done to his wagon by colliding with a street car.

4. SAME—REASONABLENESS—EVIDENCE—SUFFICIENCY.

Testimony that plaintiff paid out $84 for the use of a delivery wagon during the 28 days that his own was being repaired, but that he thought that the usual rate was less than that, though he did not know what it was, did not warrant a finding that $84 was a reasonable charge, so as to establish a basis for damages for injury to plaintiff's own wagon.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Belden J. Rogers and another against the Interurban Street Railway Company. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

J. R. Hilton and William E. Weaver, for appellant.
Reed & Abbot, for respondents.

¶ 1. See Evidence, vol. 20, Cent. Dig. §§ 365, 910, 912, 952.

GILDERSLEEVE, J. Plaintiffs' servant was driving a four wheel top-covered delivery wagon drawn by one horse on Twenty-first street, going east. Upon arriving at Twenty-first street and Fourth avenue, he stopped to let a south-bound car pass. He then looked up and down the track, and saw a car stopping on the up-town track at the south crosswalk of Twentieth street and Fourth avenue. He started to cross the track, and had got his horse and the front part of the wagon across the uptown track, when the car came along "pretty fast," and struck the wagon on the right-hind wheel. The justice allowed plaintiffs $42.50 for damages to the wagon, and $84 for money expended by plaintiffs in hiring an-other wagon while their own was being repaired. The rulings and conclusions of the learned trial justice on the question of negligence are not assailed in this appeal, except to claim that it was error to permit one of plaintiffs' witnesses to state that after the collision he heard the motorman say, "I could not help it." The statement of a servant, not accompanying a negligent act, but given after-ward as an explanation of it, is not admissible against the master. Luby v. Hudson River R. R. Co., 17 N. Y. 131; Whitaker v. Eighth Ave. R. R. Co., 51 N. Y. 295; Sherman v. D. L. & W. R. R. Co., 106 N. Y. 542, 13 N. E. 616. The testimony in question was hear-say, and erroneously admitted. We do not think, however, it was seriously prejudicial to the defendant, since it tended no more to show his negligence than the absence thereof. The injuries to the wagon are fully described, and two wagonmakers testify to the repairs, their necessity, and reasonable value, and the length of time the wagon remained in the shop being repaired. This item of al-leged damage seems to be fully established by competent testimony, and was properly allowed by the learned trial justice. The sum expended by the plaintiffs in the hiring of another delivery wagon while the injured wagon was being repaired was a proper element of damages. The evidence, however, does not warrant the finding that $84 was a fair and reasonable charge. The testimony was fatally defective on this branch of the case. One of the plaintiffs testified that he paid out $84 for the use of wagons during the 28 days their own wagon was being repaired; that he thought the usual rate was less than he paid, but that he did not know the usual rate. There was no further testimony on this point. Cost price alone, without evidence of its reasonableness, is an insufficient basis for damages. Volkmar v. Third Ave. R. R. Co., 28 Misc. Rep. 141, 58 N. Y. Supp. 1021.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.