## MOENS v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted January 5, 1920. Decided March 1, 1920.)

No. 3306.

1. **Indictment and information ☞121 (1)—Bill of particulars discretionary with trial court.**

The question of granting defendant's motion for a bill of particulars is generally considered to be a matter within the sound discretion of the trial court.

2. **Criminal law ☞1167 (1)—Denial of bill of particulars not prejudicial.**

Denial of a motion for a bill of particulars in a prosecution for having in possession obscene pictures, "after receiving the assurance of the district attorney that the pictures, prints, etc., mentioned in the indictment would be shown to the defendant and his counsel," could not have prejudiced the defendant, if the condition was complied with.

3. **Criminal law ☞1144 (3)—Presumed on appeal that condition to refusal of bill of particulars was complied with.**

In a prosecution for having obscene pictures in possession, where a transcript of the evidence and proceedings at the trial has not been preserved by bill of exceptions, and is not before the court, it must be assumed that defendant had access to pictures, prints, etc., which the district attorney promised to show him as a condition to a refusal to grant a motion for a bill of particulars.

4. **Criminal law ☞1151—Continuance largely within discretion of trial court.**

The granting of a motion for a continuance in a criminal case is a matter largely within the discretion of the trial court, and its action will not be disturbed, unless it clearly appears that the accused has been prejudiced.

5. **Criminal law ☞1144 (7)—Presumed on appeal that accused was not prejudiced by refusal of continuance.**

In the absence of a complete bill of exceptions, where it is impossible to determine to what extent, if any, accused was prejudiced by a ruling denying a motion for a continuance, it must be assumed that the action of the court was without error.

6. **Indictment and information ☞34 (3)—Indorsement indicating section of law no part of indictment.**

An indorsement indicating the section of the law under which an indictment was found is no part of the indictment itself, and, if it charges a crime under some other statute, it is perfectly competent to prosecute under such other statute.

7. **Obscenity ☞5—Exhibition of pictures indictable at common law.**

The exhibition of obscene pictures is an indictable offense at common law.

8. **Indictment and information ☞89—Guilty knowledge need not be alleged, unless part of statutory description.**

Where guilty knowledge is a part of a statutory description of a crime, it must be alleged; but it by no means follows that, where the statute is silent as to knowledge, the scienter need not be averred.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

9. **Indictment and information** ☞110(19)—**Obscenity** ☞5—**Guilty knowledge necessary, and it must be alleged in indictment for possessing obscene pictures.**

Having in possession obscene pictures and prints in violation of Code of Law 1901, § 872, is an offense involving moral turpitude and criminal intent, unlawful in itself, in which notice is necessary to raise the duty which a defendant is alleged to have broken, and in such a case guilty knowledge must be averred in the indictment, and it was insufficient to simply allege that defendant "feloniously and unlawfully did have in his possession for the purpose of exhibiting the same" obscene pictures, prints, etc., although the statute is silent as to guilty knowledge.

10. **Indictment and information** ☞71—**Crime must be charged with precision and certainty.**

A crime must be charged with precision and certainty, and every ingredient of which it is composed must be accurately and clearly alleged.

11. **Obscenity** ☞15—**Criminal intent implied from guilty knowledge of obscene nature of pictures in possession.**

If an indictment under Code of Law 1901, § 872, charges knowledge on the part of the accused of the obscene character of the pictures in his possession, criminal intent in exhibiting them would be implied from the guilty knowledge of their nature.

12. **Indictment and information** ☞60—**Allegations must be inconsistent with innocence.**

If an indictment may be true, and still the accused not be guilty of the offense attempted to be charged, it is insufficient.

Appeal from the Supreme Court of the District of Columbia.

Herman M. Bernelot Moens was convicted of having in his possession obscene pictures and prints for the purpose of exhibiting the same, and appeals. Reversed and remanded.

Crandall Mackey and R. P. Evans, both of Washington, D. C., for appellant.

J. E. Laskey, U. S. Atty., and Chas. W. Arth, Asst. U. S. Atty., both of Washington, D. C.

VAN ORSDEL, Associate Justice.    Appellant, defendant below, appeals from a conviction of having in his possession obscene pictures and prints for the purpose of exhibiting the same in violation of section 872 of the District of Columbia Code.

[1-3] The first assignment of error relates to the alleged refusal of the court to grant defendant's motion for a bill of particulars.    Generally this is considered to be a matter within the sound discretion of the trial court.    Du Bois v. People, 200 Ill.·157, 65 N. E. 658, 93 Am. St. Rep. 183; Tilton v. Beecher, 59 N. Y. 176, 17 Am. Rep. 337; State v. Bacon, 41 Vt. 526, 98 Am. Dec. 616.    The court denied the motion "after receiving the assurance of the district attorney that the pictures, prints, etc., mentioned in the indictment would be shown to the defendant and his counsel."    If this condition was complied with defendant was not prejudiced; since, in the present case, it was equivalent to a formal bill of particulars.    A transcript of the evidence and proceedings at the trial has not been preserved by bill of exceptions, and is consequently not before us.    Hence we must assume that in due

course defendant had access to the "pictures, prints," etc., as stipulated in the order of the court.

[4, 5] The second assignment is based upon the refusal of the court to sustain defendant's motion for a continuance. This, also, is a matter largely within the discretion of the trial court, and the court's action will not be disturbed, unless it clearly appears that the accused has been prejudiced by the ruling. According to the affidavit in support of the motion, defendant expected to prove by the absent witnesses that the pictures were taken for scientific purposes and to use in the advancement of science. In the absence of a complete bill of exceptions, it is impossible to determine to what extent, if any, defendant was prejudiced by the ruling. We must assume that the action of the court was without error.

[6] The two remaining assignments relied upon by counsel for defendant will be considered together, and relate to the action of the court in overruling a motion to quash the indictment and a motion in arrest of judgment. It appears that defendant was indicted under section 312 of the federal Penal Code (Comp. St. § 10485), as appears from the indorsement on the indictment. Between the date of the finding of the indictment and the trial, this court, in the case of Kleindienst v. United States, 48 App. D. C. 190, held that offenses embraced in chapter 13 of the federal Penal Code (Comp. St. §§ 10484-10496), which were covered by the provisions of the Code of Laws for the District of Columbia should be prosecuted under the latter. The district attorney, therefore, under the original indictment, prosecuted defendant for the violation of section 872 of the District Code. If the indictment charges a crime under section 872, it was perfectly competent to prosecute defendant for violating the provisions of that statute. The indorsement indicating the section of the law under which the indictment was found is no part of the indictment itself.

"It is wholly immaterial what statute was in the mind of the district attorney when he drew the indictment, if the charges made are embraced by some statute in force. The indorsement on the margin of the indictment constitutes no part of the indictment and does not add to or weaken the legal force of its averments. We must look to the indictment itself, and if it properly charges an offense under the laws of the United States, that is sufficient to sustain it, although the representative of the United States may have supposed that the offense charged was covered by a different statute." Williams v. United States, 168 U. S. 382, 389, 18 Sup. Ct. 92, 94 (42 L. Ed. 509).

This brings us to the question whether the count of the indictment under which defendant was tried charges a crime under section 872 of the District Code. The statute, among other things, provides that—

"Whoever sells, or offers to sell, or give away, in the District, or has in his possession with intent to sell or give away or to exhibit to another, any obscene, lewd, or indecent book, pamphlet, drawing, engraving, picture, photograph, instrument, or article of indecent or immoral use, * * * shall be fined," etc.

The count of the indictment on which defendant was tried charged that he—

"feloniously and unlawfully did have in his possession for the purpose of exhibiting the same, forty certain obscene prints and pictures, representing cer-

tain persons, to wit, women, in obscene, impudent and indecent postures, * * * against the form of the statute," etc.

[7-9] It is urged that, as defendant is not charged with willfully and knowingly having in his possession the obscene prints and pictures, the indictment is fatally defective. The exhibition of obscene pictures is an indictable offense at common law. Commonwealth v. Sharpless et al., 2 Serg. & R. (Pa.) 91, 7 Am. Dec. 632. It is well settled that, where guilty knowledge is part of a statutory description, it must be alleged. United States v. Carll, 105 U. S. 611, 26 L. Ed. 1135. But it by no means follows that, as in this case, where the statute is silent as to knowledge, the scienter need not be averred in the indictment.

"In an indictment upon a statute, it is not sufficient to set forth the offense in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." · United States v. Carll, supra.

On the other hand, it is held that, where knowledge is not an express element of the statute, it need not be averred—

"under the laws against the sale of intoxicating liquor or adulterated milk, and many other police, health, and revenue regulations." In such cases "the defendant is bound to know the facts and obey the law, at his peril. Such is the general rule where acts which are not mala in se are made mala prohibita from motives of public policy, and not because of their moral turpitude or the criminal intent with which they are committed." Commonwealth v. Raymond, 97 Mass. 567, 569.

The crime in this case does not consist in the mere possession of the obscene matter but in its possession coupled with the purpose or intent of exhibiting it to others. The statute is aimed at the protection of public morals and expressly forbids the possession of obscene matter "with intent to sell or give away or to exhibit to another." The act here denounced is one involving moral turpitude and criminal intent, unlawful in itself, in which notice is necessary to raise the duty which defendant is alleged to have broken. In such a case guilty knowledge should be averred and proved.

The decision of Mr. Justice Gary in United States v. Carll, supra, is directly in point. The indictment, as here, was under a statute for a common-law offense, silent as to knowledge. The statute (section 5431, Rev. Stat. U. S.) provided that—

"Every person who, with intent to defraud, passes, utters, publishes, or sells any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be punished," etc.

The indictment charged that defendant—

"feloniously, and with intent to defraud the bank, * * * did pass, utter, and publish upon and to the said bank * * * a falsely made, forged, counterfeited, and altered obligation and security of the United States."

The court, holding the indictment defective, in that the scienter was not averred, said:

"The language of the statute on which this indictment is founded includes the case of every person who, with intent to defraud, utters any forged obligation of the United States. But the offense at which it is aimed is similar

to the common law offense of uttering a forged or counterfeit bill. In this case, as in that, knowledge that the instrument is forged and counterfeited is essential to make out the crime; and an uttering, with intent to defraud, of an instrument in fact counterfeit, but supposed by the defendant to be genuine, though within the words of the statute, would not be within its meaning and object. This indictment, by omitting the allegation contained in the indictment in United States v. Howell (11 Wall. 432), and in all approved precedents, that the defendant knew the instrument which he uttered to be false, forged, and counterfeit, fails to charge him with any crime. The omission is a matter of substance, and not a 'defect or imperfection in matter of form only,' within the meaning of section 1025 of the Revised Statutes."

[**10**] The Carll Case is in no way modified in Rosen v. United States, 161 U. S. 29, 16 Sup. Ct. 434, 480, 40 L. Ed. 606. In that case the statute (section 3893, Rev. Stat. U. S. [Comp. St. § 10381]) made it a crime for any person to knowingly deposit or cause to be deposited, for mailing or delivery, any obscene, lewd, or lascivious book, pamphlet, picture, paper, writing, print, or other publication of an indecent character. The indictment charged that the accused—

"did unlawfully, willfully, and knowingly deposit and cause to be deposited in the post office in the city of New York, for mailing and delivery by the post office establishment of the United States, a certain obscene, lewd, and lascivious paper."

It was contended that while the indictment charged the accused with knowingly mailing the alleged document, it was defective in that it failed to charge him with knowledge of the obscene nature of the paper. The court, after suggesting that "the indictment would have been in better form if it had more distinctly charged that the accused was aware of its character," said:

"In their ordinary acceptation, the words 'unlawfully, willfully, and knowingly,' when applied to an act or thing done, import knowledge of the act or thing so done, as well as an evil intent or bad purpose in doing such thing, and when used in an indictment in connection with the charge of having deposited in the mails an obscene, lewd, and lascivious paper, contrary to the statute in such case made and provided, could not have been construed as applying to the mere depositing in the mail of a paper the contents of which at the time were wholly unknown to the person depositing it. The case is therefore not one of the total omission from the indictment of an essential averment, but, at most, one of the inaccurate or imperfect statement of a fact; and such statement, after verdict, may be taken in the broadest sense authorized by the words used, even if it be adverse to the accused."

In no instance does the court intimate that the scienter need not be alleged. On the contrary, what the court does hold is that, in such a case, guilty knowledge must be imputed to the accused by express averment in the indictment. These cases merely adhere to a well-established rule of criminal pleading, that—

"The crime must be charged with precision and certainty, and every ingredient of which it is composed must be accurately and clearly alleged." Evans v. United States, 153 U. S. 584, 587, 14 Sup. Ct. 934, 936 (38 L. Ed. 830).

[**11, 12**] So here, if the indictment had charged knowledge of the character of the pictures in the possession of the accused, the criminal intent in exhibiting them would be implied from the guilty knowledge

267 F.—21

of their nature. United States v. Clark (C. C.) 37 Fed. 106. But, under the indictment as it stands, as suggested in brief of counsel for defendant, a blind man, having the pictures in his possession, without knowledge of their nature for the purpose of exhibiting them to others, could be convicted. A clear rule as to the sufficiency of an indictment for a statutory offense is stated in Commonwealth v. Young, 15 Grat. (Va.) 664, as follows:

"If the indictment may be true, and still the accused may not be guilty of that offense, the indictment is insufficient."

Applying the rule to this case, the insufficiency of the indictment is manifest. The motion in arrest of judgment should have been sustained.

The judgment is reversed, and the cause remanded for further proceedings.

Reversed and remanded.