[No. 20961.    Department Two.    April 24, 1928.]

GEO. C. EVERS, *Respondent*, v. BROADVIEW DAIRY COMPANY, *Appellant*.[1]

[1] CONTRACTS (144)—SET-OFF AND COUNTERCLAIM (3)—SUBSTANTIAL PERFORMANCE—ACTIONS ON CONTRACTS. Action lies upon the substantial performance of a contract to re-tin a cream pasteurizer, subject to set-off for incidental damages on failure of strict performance, through injury in removing the agitator in the performance of the work.

[2] DAMAGES (62)—INJURIES TO PERSONAL PROPERTY — COST OF REPAIRS. The measure of damages for injury to a machine is the cost of repairs, where the machine after repair was worth as much as if it had not been injured.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered October 6, 1927, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Guy B. Groff* and *William Hatch Davis*, for appellant.

*H. M. Berkey* and *Berkey & Cowan*, for respondent.

[1]Reported in 266 Pac. 726.

MAIN, J.—The complaint in this case states a cause of action upon an oral contract for the payment of one hundred and thirty-five dollars. The answer denied liability upon the contract, and by way of cross-complaint sought damages against the plaintiff in the sum of eight hundred dollars. The trial was to the court without a jury and resulted in a finding that the plaintiff was entitled to recover one hundred and thirty-five dollars upon the contract and that the defendant's damages amounted to ninety dollars. The conclusion was that the plaintiff was entitled to a judgment of forty-five dollars, and from the judgment entered for this sum, the defendant appeals.

The appellant is a corporation engaged in the dairy business in the city of Spokane. It owned and used in its business a machine, sometimes called a cream pasteurizer, and at other times, a cultured butter milk ripener. This machine consisted of a copper lined vat covered with tin, in which operated, when it was in use, what is called an agitator which rotated upon a shaft. The tin covering the copper had worn away in places, and in December, 1926, the appellant contracted with the respondent to repair the machine by re-tinning the lining of the vat and the pipes of the agitator. The contract price for this was one hundred and thirty-five dollars. The re-tinning was properly done, but when the machine was tendered to the appellant, it refused to accept it, because the agitator, as it claimed, had been damaged in certain respects which it is not necessary here to detail. Before the re-tinning could be done, it was necessary to remove the agitator from the vat, and in removing it the appellant claims the damage occurred.

[1] The appellant first contends that, since the trial court found that the agitator of the machine was injured while in the plaintiff's possession through his

fault, there can be no recovery upon the contract because of failure of the performance thereof. Regardless of what the old rule was and what it may be in other jurisdictions, this court is committed to the doctrine that an action will lie to recover upon a contract where there has been a substantial performance, and that any damages that may have occurred by reason of the failure of a strict and complete performance may be offset against the amount due on the contract. *Mortimer v. Dirks,* 57 Wash. 402, 107 Pac. 184; *Taylor v. Ewing,* 74 Wash. 214, 132 Pac. 1009; *United Iron Works v. Wagner,* 89 Wash. 293, 154 Pac. 460. We think that rule should be applied in the present case. The contract was for re-tinning, and this was properly done. In order to perform this work, it was necessary to remove the agitator, as above stated, and this was incidental to the performance of the contract. It would be a harsh rule that would deny any recovery upon a contract where, as here, complete justice can be done by offsetting damages.

[2] It is next contended that the trial court committed error in taking the cost of repairs to the machine as the measure of damages. Whether the cost of the repairs would be the measure of damages depends upon whether the machine, after its injury and repair, would be worth as much as it would have been, had it at no time been injured. We think this contention is met by the case of *Madden v. Nippon Auto Co.,* 119 Wash. 618, 206 Pac. 569, where it is said:

"If we are correctly advised the court based its ruling upon the case of *Alexander v. Barnes Amusement Co.,* 105 Wash. 346, 177 Pac. 786, in which we held that the measure of damages for injuries to personal property, where the property was only partially destroyed, was the difference between the market value of the property immediately before and immediately after the injury; the trial court construing the case

to mean that the only testimony competent to prove such values was the opinions of witnesses having expert knowledge in such matters. But if this be the ground of the holding, the trial court has misconstrued our meaning. We did not there deny, nor intend to deny, the right of either party to resort to any legitimate evidence to show the relative values. In the case of an automobile, many injuries are of such a nature that they can be made whole by repairs. The value of the automobile after the injury would in such an instance necessarily be the value of the automobile before the injury, less the cost of the repairs, plus the value of the use of the automobile during the time it takes to make the repairs, and in such a case no other showing need be made to prove the damages. In more serious injuries other elements enter into the question when the cost of repair and loss of use will not measure the total amount of the loss; such, for example, the element which the witness before mentioned cited, the loss of sale value arising from the mere fact of the injury. But when the cost of repair is one element of damage, clearly it can be shown when known. So, also, when sale value is one of the elements, the price received on the sale of the article is evidence of its sale value; not conclusive, it is true, but an element to be considered in ascertaining the sale value.''

The present case falls within the rule that the cost of repairs would be the only element of damage, because the machine after repair, would be worth as much as if it had at no time been damaged. While the evidence was in dispute as to the cost of repairing the agitator, the record presents no reason why the finding of the trial court upon this question should be disturbed.

The judgment will be affirmed.

FULLERTON, C. J., HOLCOMB, and ASKREN, JJ., concur.