[No. 22974. Department Two. January 23, 1931.]

NEWTON C. BADER *et al., Appellants,* v. C. C. MARLIN *et al., Respondents.*[1]

*Dorothee Scarbrough* and *Phil K. Eaton,* for appellant.

*Roscoe R. Fullerton,* for respondents.

MILLARD, J.—Through the negligence of the defendants, their automobile collided with the automobile of the plaintiffs near Olympia. Plaintiffs instituted this action to recover $272.80, the amount the plaintiffs alleged that their automobile was damaged and depreciated as a result of that collision. The court found that the collision was caused by the negligence of the defendants; that the plaintiffs were compelled to pay six dollars to have their automobile towed from the scene of the wreck to Olympia; and that it was necessary to repair plaintiffs' automobile at a reason-

[1]Reported in 295 Pac. 160.

able cost of $266.80. Judgment was entered in favor of the plaintiffs for six dollars and costs, the court expressing the view that the damages had not been proved;

". . . that the measure of damages in cases of this kind is the difference in the value of the car before and after the accident. The courts have permitted the introduction of cost of repairs as having a bearing upon that market value, but I know of no case, and I am satisfied there isn't any in our reports, where the courts have held that simply by proving the repair bill you prove the damage."

The plaintiffs have appealed.

Arguing that their automobile, at the time of the accident, was new, and that the repairs placed it in practically the same condition it was in prior to the collision, appellants insist that, since no other depreciation is shown, the measure of damages is, necessarily, the cost of the repairs.

Appellant husband testified as to the extent of the injury to appellants' automobile, the cost of, and his payment of, the towage bill, the repair of the automobile by the Tacoma Franklin Company and the amount of their bill, and that the repair bill had been paid by an insurance company; "My insurance company paid that for me."

Respondents contend that the judgment for six dollars is correct, inasmuch as appellants have not been subjected to any expense other than six dollars for a towing bill, the insurance company having paid the repair bill. It is argued:

"The purpose of such insurance is to save the insured from just such expenditures, and the consideration for the accommodation is the insurance premiums. Further, however, it might be suggested that the insurance company, on a subrogation claim, has not been precluded from collecting its loss from respondents,

and to hold respondents for this amount in favor of Bader, is to lay them open for double monetary damage."

Respondents, also, urge in support of the judgment that no testimony was offered of depreciation in the value of the automobile by reason of the accident; that there is no testimony that appellants suffered by reason of being deprived of the use of their automobile; and that appellants failed to prove that their automobile, after being repaired, was not in as good condition as it was before the accident.

▬ The insurance company's payment of the repair bill for the appellants did not relieve the respondents of liability to appellants therefor. We held, in *Alaska Pacific Steamship Co. v. Sperry Flour Co.*, 94 Wash. 227, 162 Pac. 26, that it was of no concern to the one causing the injury that the injured party was compensated by insurance , and that such fact did not lessen the liability of the tort-feasor. We said:

"There is a fatal fallacy in the reasoning which concludes that the insured is made whole upon payment of the loss to him by the insurer, in that the premiums are not refunded to the insured so paid by him to the insurer for the policy of insurance and these premiums, if paid over some length of time, would aggregate a considerable sum of money. Nor does it seem that a wrongdoer should not respond for his wrongful acts in damages to the insured and thereby profit by reason of the sagacity of the insured in keeping his property protected by insurance."

That rule was followed in *Criez v. Sunset Motor Co.*, 123 Wash. 604, 213 Pac. 7, 32 A. L. R. 627, and reiterated in *Nelson v. Northern Pacific R. Co.*, 158 Wash. 52, 290 Pac. 432.

With the matter of adjustment or settlement between the appellants and their insurer, the respondents have no concern. If, upon payment by the in-

surance company of the repair bill, the appellants assigned to the insurer their claim, the insurer would be thereby subrogated to all of the appellants' rights. Let us assume that such an assignment was made. If the insurance company did not elect to intervene and have the amount awarded to it in this action, but preferred to await the result of the action, relying upon an accounting with the appellants as to the insurer's subrogated rights, that could not prejudice the respondents. The judgment in favor of, or against, the insured would be a defense to any further action by the insurer against the respondents. It will be remembered that the insurance company did not give respondents notice that it had any claim. The judgment in the case at bar is a defense to any further action by the insurer against the respondents.

Respondents next contend that there is no evidence as to the difference between the value of the automobile prior to the collision, and after the automobile was repaired, and that the cost of the repairs, alone, is not evidence of depreciation in value.

The case at bar is within the rule that the measure of damages for injury to an automobile is the cost of repairs, where the automobile, after repair, was worth as much as if it had not been injured. *Evers v. Broadway Dairy Co.*, 147 Wash. 570, 266 Pac. 726.

Only those repairs which are attributable as resulting from the collision, may be considered. It must, also, be borne in mind that it is the value, not the cost, of the repairs which is essential; that is, the sum paid must represent the reasonable value of the repairs. There was no evidence as to depreciation in value, other than the cost of repairs in the amount of $266.80. Respondents did not cross-appeal, therefore the court's findings are conclusive that the repairs were necessitated by the collision, and that the cost

of the repairs was reasonable. It fairly appears that, at the time of the collision, the car was almost new, that the cost of the repairs was considerably less than the value of the automobile, and that the repairs to the automobile placed it in practically the same condition it was in, prior to the collision. The automobile was almost new, when injured. The repairs restored it to its original condition. That automobile was made whole. The value of that automobile after the collision was, of course, the value of the automobile before the collision, less the cost of the repairs. The cost of the repairs was evidence of depreciation in value in an amount equal to that cost.

"Although the difference in value before and after an injury is the technical measure of damages for an injury to a motor vehicle, as a practical proposition this difference in many cases is represented by the cost of repairing the machine." Huddy on Automobiles (8th ed.), § 871.

Applied to the facts in the case at bar, is the rule followed in *Western Machinery Exchange v. Northern Pacific R. Co.*, 142 Wash. 675, 254 Pac. 248, where we said:

"This, we think, is a sound rule of practical application when it is apparent that the actual, fair cost of repair of the damage falls far short of the total value of the thing damaged, and the repair puts the damaged property in the same condition as before being damaged, . . ."

The judgment is reversed, and the cause remanded with directions to the superior court to enter a judgment in favor of appellants in accordance with the prayer of their complaint.

TOLMAN, C. J., BEELER, BEALS, and PARKER, JJ., concur.