## JOLEBIEWSKI v KOLK

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15797. Decided May 31, 1937

Samuel K. Walzer, for plaintiff-appellee.

Harry C. Gahn, Cleveland, for defendant-appellant.

MONTGOMERY, PJ, and SHERICK, J, (5th Dist) and HORNBECK, J, (2nd Dist) sitting by designation.

## OPINION

By SHERICK, J.

This cause comes to this court from the Municipal Court of the city of Cleveland. It is a suit to recover damages to plaintiff's car, sustained in an auomobile collision with defendant's motor vehicle. The bill of exceptions having been lost, is not before this court. If it had not been requested by the presiding judge of the local branch of this court, no written comment with respect thereto would have been made.

The only claim of error which we shall or may consider pertains to the manner of proof and measure of damages. Plaintiff under objection was permitted to prove his loss not by the difference in market value of his car immediately prior to and after the accident but by the testimony of a competent repair man, who estimated the reasonable value of the cost of repairs necessary to restore the plaintiff's car to the same condition it was in immediately prior to the accident. The damages so estimated was found to be $215.00. It is claimed that this manner of proof was improper.

In 5 Amer. Juris. 906, §749 is found this comment:

"While the general rule is that the measure of damages in respect to an injured automobile is the difference in its value immediately before and immediately after the injury, this measure may be established by showing the reasonable cost of necessary repairs to restore it to its previous condition."

Numerous authorities are listed supporting the practice of permitting proof of damages in such cases to be made in either way. The latter is, of course, inapplicable in case of total loss and is subject to limitation in that such is not proper when the reasonable value of the repairs exceeds the market value of the vehicle, immediately prior to its injury. In the absence of a record we must presume that this was a proper case for such manner of proof of injury.

The dual manner of making such proof is recognized in **4 Ohio Jur. 844, §242.** Therein it is noted that in **Johnson v Thompson, 35 Oh Ap 91 (93); Ford Co. v Ins. Co., 27 Oh Ap 279, (6 Abs 401)** and **Loud & Sons Co. v Peter, 20 O.C.C. 73,** the practice was countenanced.

We direct attention to the note appearing in 78 A.L.R. 920. There the authorities are gathered which subscribe to the view. The cases of Bader v Marlin, 160 Wash. 460, 295 Pac. 160, 78 A.L.R. 914 and Murphy v Hawthorne, ... Ore. ..., 244 Pac. 79, 44 A.L.R. 1897 are worthy of consideration.

One further comment will be made. The market value rule invokes opinion evidence. It is therefore not always adequate measurement of actual positive compensation for the injury sustained. It is also apparent that replacement or repair value may not only replace but may actually enhance the value of a car when repaired over market value prior to injury. This is especially true where worn parts are replaced with new. As we see it, neither manner of proof is entirely free from fault and imperfection. But if the repair value is properly resorted to and fairly safeguarded by the court and informative cross-examination had, such proof is fairly positive and certain of actual loss, and when so resorted to this court sees no objection thereto.

Finding no prejudicial error, the judgment will be and is affirmed.

MONTGOMERY, PJ, and HORNBECK, J, concur.