258

## UNION STORAGE & TRANSFER CO. v. LAMPHERE.

### No. 239.

Municipal Court of Appeals for the District of Columbia.

Dec. 27, 1944.

---

Robert E. Lynch, of Washington, D. C., for appellant.

Nathan L. Silberberg, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, HOOD, Associate Judge, and NEILSON, Judge of the Municipal Court for the District of Columbia (sitting by designation).

RICHARDSON, Chief Judge.

Appellee purchased an antique marble top table and had it shipped from Mexico to Washington. He employed appellant, a local transfer company, to transport it from the Custom House to his apartment. At the entrance to the apartment the upright position of the table was reversed to facilitate its passage through the doorway; the top was dislodged and dropped to the tiled floor of the hall, breaking into some fifteen pieces.

Suit was filed by appellee. Trial was by the court without a jury and judgment was given against defendant, now appellant. In its appeal it assigns errors which we will consider in the order in which the questions arose in the trial court.

On the original trial date the defendant had obtained a continuance of two weeks. Then, when the case was called for trial, it presented a written motion for an order requiring the plaintiff to submit for inspection the broken pieces of the damaged table top and the new marble top by which the original had been replaced. The motion was denied.

There was no showing that plaintiff had refused or had been unwilling to permit such an inspection, or explanation why the matter had been delayed until the

case was called for trial. The table was too large and heavy to be conveniently brought into court and granting the motion would have required a further postponement of the hearing. Seasonably made the motion should have been granted, but under the circumstances it was properly denied.

Defendant then moved orally for a continuance on the ground that one of the two employees handling the table when the top was broken was not present. This witness was not under subpoena but, shortly before the trial date, had been interviewed by defendant's counsel and had promised to attend. There was no showing of what testimony the witness would have given if present, or why he was not present. The other employee was present and later testified, and it is probable that the testimony of the missing witness would have been merely cumulative. The court denied the continuance but postponed calling the case for trial until after 2 o'clock of the same day, during which time defendant was unable to locate the witness.

■ When a witness not under subpoena fails to make his promised appearance, the granting of a continuance rests in the discretion of the trial court. The circumstances recited may well have justified the court's action. Certainly the refusal of the continuance may not be regarded as a "clear abuse of discretion." [1]

As the case was one of bailment and the injury occurred during the progress of the delivery, while the table was being handled by defendant's employees, the finding of negligence was amply supported by the evidence.[2]

The final error assigned is that there was no competent evidence to sustain the finding of the amount of plaintiff's damage. The reporter's transcript of the testimony discloses that the only evidence on this point was that of plaintiff's wife. In her direct examination the following occurred:

"Q. Did you thereafter have the marble top replaced? A. Yes, we did.

"Q. And you paid therefor how much? A. One hundred thirty dollars."

Later, during the argument of defendant's motion for a finding at the close of plaintiff's case, counsel for the latter said: "I will offer in evidence the bill, if you are interested in that." Defendant's counsel replied: "We do not want the bill."

■ This is all the record contains touching the measure of damages. There was nothing to indicate the character or quality of the marble replacement, nothing to show how it compared with the original, or whether it had been procured from a dealer in marble or some private individual. The burden is upon a plaintiff to establish a case upon which the court may base its judgment, and an offer to produce evidence, if defendant's counsel is interested in it, is futile. A defendant is seldom interested in aiding a plaintiff to prove his case.

Nor, in the absence of evidence to show the comparative value of the marble would the bill, if introduced in evidence, have been sufficient. Where personal property is damaged and must be repaired or parts replaced to restore it to its original condition, the measure of recovery is the "reasonable cost" of restoration. "The sum paid must represent the reasonable value of the repairs." [3] "Where that character of proof is resorted to, the injured party must show that the cost of the repairs is reasonable." [4] "In the absence of evidence that the repairs were proper, or worth the sum paid, it was error to hold that the sum paid could be recovered." [5] "The reasonable cost of such repairs is the proper measure of the recoverable damage. This rule is elementary." [6]

■ In Wright v. Capital Transit Co., Mun.App.D.C., 35 A.2d 183, where repairs to an automobile truck were made by an

[1] Gilbert v. Lachapelle, 75 U.S.App.D. C. 395, 127 F.2d 750; Hill v. Capital Transit Co., 77 U.S.App.D.C. 391, 135 F.2d 948; Goodyear Service, Inc., v. Pretzfelder, 65 App.D.C. 389, 84 F.2d 242; Moens v. United States, 50 App. D.C. 15, 267 F. 317; Taylor v. Yellow Cab Co., Mun.App.D.C., 31 A.2d 683.

[2] Sims v. Roy, 42 App.D.C. 496.

[3] Bader v. Marlin, 160 Wash. 460, 295 P. 160, 78 A.L.R. 914.

[4] White v. Beaumont Implement Co., Tex.Civ.App., 21 S.W.2d 559.

[5] Gumb v. Twenty-Third St. Ry. Co., 114 N.Y. 411, 21 N.E. 993.

[6] Carruthers v. Campbell, 195 Iowa 390, 192 N.W. 138, 28 A.L.R. 949. See also Taxicab Co. v. Hamburger, 146 Md. 122, 125 A. 914; Rogers v. Interurban St. Ry. Co., Misc., 84 N.Y.S. 974; Laizure v. Des Moines Ry. Co., 214 Iowa 918, 241 N.W. 480.

automobile repair company and the amount was less than other estimates received, we held that the paid bill was prima facie evidence of the fair and reasonable cost of the repairs. But the reasonable cost of replacing one marble top with another would not be relevant without evidence of the comparative qualities.

Reversed with instructions to award a new trial.