55 So.2d 316 (1951)
DAY
v.
ROBERTS.
No. 7751.
Court of Appeal of Louisiana, Second Circuit.
November 30, 1951.
*317 Clarke & Preis, St. Joseph, for appellant.
Philip Watson, St. Joseph, for appellee.
GLADNEY, Judge ad hoc.
The judgment below awarded plaintiff, Earl Edward Day, damages as a result of an automobile collision occurring during the clear and dry midafternoon of March 27, 1950, on U. S. Highway No. 65 opposite a building which served as an office for Somerset Plantation in Tensas Parish, Louisiana.
Events leading up to the accident show that plaintiff was driving his 1949 Plymouth sedan in a northerly direction while defendant, Edd Moore Roberts, was approaching him traveling south. When defendant reached a point just north of the place of ultimate impact between the cars, and apparently not realizing the proximity of plaintiff, he turned left across the path of the Plymouth car with the resulting crash. He made the turn without giving any signal of his intention to do so and commenced this maneuver when the oncoming car was within a distance of one hundred fifty feet. Plaintiff applied the brakes on his car and in fact skidded his tires for a distance of about fifty feet but did not stop in time.
The suit is defended on the ground that the proximate cause of the accident was the speed of plaintiff's automobile and alternatively is pleaded contributory negligence and application of the last clear chance doctrine.
The highway at Somerset, as we refer to the office and store next to it, is fairly straight and from this point affords a motorist clear vision for about one thousand feet to the south and three hundred feet to the north but beyond this latter distance, because of the sharpness of the curve and buildings on the highway, southbound traffic is not visible until the curve is rounded. About fifty feet north from where the automobiles collided there is a culvert crossing the highway.
Mr. Roberts, the defendant, testified he drove from his house for the purpose of stopping at the store, crossed the culvert at a speed of fifteen miles and commenced a gradual left turn across the highway, reducing his speed to about five miles per hour but giving no signal of his intention to make the turn. When he first noticed plaintiff's car it was about one hundred fifty feet away. He further states that at the time of impact his automobile had crossed the center line of the highway and had entered the traffic lane in which the northbound vehicle was traveling. The evidence further indicates a finding that when the two cars struck they were headed almost at a right angle to each other.
Our associate on the trial bench found the defendant primarily negligent in not seeing what he should have seen and by making a left turn without proper signal, or, at least, making sure before attempting it that he could make such turn without danger of accident. He found plaintiff was not negligent, and rejected defendant's alternative defenses.
After weighing all the evidence relating to the speed of plaintiff's automobile as a contributing cause, we have concluded that the speed was neither illegal nor excessive on this occasion. The last clear chance doctrine is inapplicable as it has not been shown that plaintiff had an opportunity to avoid the collision after becoming aware of a peril which could not have been realized until defendant attempted his turn, at which time it was too late for plaintiff to change direction.
We hold the proximate cause of the collision was the failure of defendant to exercise proper care under the circumstances by being sure he could make the left turn without danger.
Act 286 of 1938, Section 3, Rule 9(a), LSA-R.S. 32:235, requires one making *318 a left turn upon state highways to yield the right of way to approaching traffic in either direction and not to make the turn unless the way is clear.
In commenting upon the statute our courts have held that anyone making a left turn must exercise a high degree of caution before attempting the turn. In the event that he collides with traffic from either direction while attempting to make a left turn, he is guilty of negligence. Gaines v. Standard Accident Insurance Company, La.App., 32 So.2d 633, 637, and authorities cited therein.
Plaintiff has not appealed from the decision below nor answered the appeal for an increase of his judgment. The judgment, therefore, may not be amended in his favor, notwithstanding, in brief, it is argued and urged that certain items of damages should be increased. Code of Practice, Article 592. See also Jones v. Chicago Mill & Lumber Company, La.App., 15 So.2d 826, 827.
Appellant complains that the judgment rendered against him is in error in allowing as damages depreciation as a result of the collision, asserting no such claim for damages has been set forth in plaintiff's petition.
In the petition damages alleged were itemized as a result of the collision as follows:

"Damage to petitioner's
 said 1949 Plymouth Sedan
 automobile $1,050.00
 Medical expenses incurred
 by petitioner
 which were necessary
 as a result of said collision
 to date 19.50
 Pain, suffering and other
 injuries suffered by
 petitioner in said collision 500.00
 ---------
 $1,569.50"
The judgment awarded:
 "Damage to car $ 498.20
 Depreciation as a result
 of collision 100.00
 Medical expenses 19.50
 Pain and suffering, etc. 200.00
 ________
 Total $ 817.70"

It is evident plaintiff included the item of depreciation within the item "damage to automobile, $1,050.00," and presented sufficient proof to support a loss by depreciation. The amount above allegedly due him aggregated repairs, parts and other items of damage to the car, the total of which does not exclude a claim for depreciation. The item, therefore, was within the pleadings and susceptible of proof. In rendering the judgment, the judge a quo simply made a more detailed itemization of the damages, specifically allowing "depreciation as a result of the collision."
Depreciation as an element of damages may be considered by the court. It was recognized in Dupuy v. Graeme Spring & Brake Service, Inc., 19 So.2d 657, at page 659: "We realize that an automobile which is damaged in a fire or in an accident may sustain a depreciation in value in addition to specific physical damage and that even though all physical damage may be repaired, there may still remain a depreciated value merely because the car has been in a fire or in an accident, and we have said, as have other courts, that the depreciation represents an item of damage or loss for which suit may be brought. Weis v. Pan-American Petroleum Corp., 12 La.App. 661, 126 So. 90. We realize, of course, that other courts think that the recovery must be limited either to the difference in value before and after the accident or to the cost of making such repairs as are necessary. See Bader v. Marlin, 160 Wash. 460, 295 P. 160, 78 A.L.R. 917."
The trial judge has favored us with a written opinion which we have found to be informative and correct in its findings of fact and law. The judgment appealed from, therefore, is affirmed at appellant's costs.
KENNON, J., not participating.