AYRES, Judge.
Plaintiff instituted this action against Miller & Salter Bus Lines and its alleged partners and against Floyd Norris for the sum of $1,000 for damages to and the loss of the use of his Chevrolet automobile and for personal injuries sustained by him in an automobile accident occurring August 29, 1952, on U. S. Highway 167, a few miles north of Winnfield, Louisiana.
After trial on the merits, judgment was rendered in plaintiff’s favor against Miller & Salter Bus Lines and its owner, Mrs. Philodean Salter Byrd, and, on confirmation of default, against Floyd Norris, in solido, for the sum of $256.05, as the amount claimed for necessary repairs to the damaged automobile. The bus line and its owner prosecute an appeal to this court.
The plaintiff has neither appealed nor answered the appeal. The judgment may not, therefore, be modified in his favor. Day v. Roberts, La.App., 55 So.2d 316. Norris did not appeal and the judgment is, therefore, final as to him.
The issues present almost entirely questions of fact. The district judge resolved these questions in favor of the plaintiff. Our study and consideration of the evidence convince us of the correctness of His Hon- or’s ruling. Far from finding any manifest error therein, it is our conclusion that the judgment is eminently correct.
The accident occurred from a quarter to a half a mile south of an “S” curve forming a railroad over-pass, and from which curve, for a distance of two to three miles, the highway was straight. This is a concrete paved highway of the usual width and shoulders. The highway was dry, the weather clear, and visibility good.
Plaintiff was driving his automobile in a southerly direction, accompanied by his wife, and, just prior to the collision, was overtaken and passed by an automobile driven by Mrs. Philodean Salter Byrd, who, on observing the approach of the bus from the south, blew her horn and waved her hand, signaling the bus driver to stop for the purpose of removing a passenger to accompany her to Many, Louisiana. The bus proceeded to stop, whereupon the defendant Norris, following the bus, applied his brakes, turned to the left in an apparent effort to avoid running into the rear of the bus, and slid into plaintiff’s car, causing the damages and inflicting the injuries constituting the basis for this action.
Plaintiff alleged that the collision was caused solely by the negligence of Mrs. Byrd in stopping the bus in the manner stated, when she knew or should have known that it was followed by Norris’' automobile and that he, plaintiff, was driving from the north in the immediate vicinity, and by the negligence of the bus driver operating his vehicle at an excessive rate of speed and in suddenly stopping the vehicle on the paved highway without signal or warning to the driver of the vehicle which he knew to be behind him. In the alternative, it was alleged that if such collision was not caused entirely as aforesaid, then that *330 the negligence of Norris in following too closely behind the bus, in failing to have his vehicle under proper control, in failing to maintain a proper lookout, and in swerving his car to the opposite side of the highway contributed to said accident.
That plaintiff was driving at a careful, safe and moderate rate of speed is not dis-. p.uted as the defendants say that his speed was from twenty-five to thirty miles per hour. He is not charged with any fault or negligence whatsoever. The bus driver testified that prior to-the collision he had been driving around fifty miles per hour and that after seeing Mrs. Byrd flag him and observing the Norris automobile one hundred fifty to two hundred feet behind him, he applied his brakes and proceeded five to ten feet before turning off the pavement, and then continued twenty to twenty-five feet further before 'bringing the bus to a stop, traveling in all thirty to thirty-five feet from the point where he first applied the brakes; that the collision occurred to his rear and approximately twenty to twenty-five feet from the place where the bus. stopped. Artie Harris, another employee of the bus line, generally corroborated the driver’s testimony, but stated that only the two right' wheels of the bus had left the pavement when the automobile behind the bus started sliding and that thereafter the bus was driven off the highway, and that the collision occurred about twenty feet behind the bus and before the bus stopped. At the rate of speed the bus is admitted to, have been traveling, according to the testimony of these witnesses of the defendant bus line, the bus evidently came to a sudden stop. Too, if the bus had to any extent left the paved highway, it was only very slightly as it would appear unreasonable, unwise- and without due regard to'the safety of the passengers in the bus to so suddenly and in such a short distance swerve the bus completely and entirely 'to the shoulder of the road, taking into'consideration its rate of speed. / ■
We are convinced' from the evidence that Norris was confronted with an emergency created when Mrs. Byrd flagged and stopped the bus, of which she is the owner, and its sudden stopping, at least partially, if not entirely, on the paved slab, leaving an insufficient space for the Norris and Vines cars to meet and pass to the bus’ left, and that, in attempting to avoid an inevitable collision with the bus, Norris applied his brakes and swerved his car, striking plaintiff’s automobile. Mrs. Byrd’s acts set in motion the chain of events, the facts and circumstances which, without doubt, contributed directly and proximately to the collision. She and the -bus line are, therefore, at fault and should repair the damages inflicted.
 No contention is raised as to the correctness of the sum allowed by the dis--trict court for the necessary repairs to plaintiff’s automobile. , The evidence convinces us the amount was proper and correct.
Finding no error in the judgment appealed from, it is, therefore, affirmed at appellants’ costs.