GLADNEY, Judge.
Plaintiff was awarded property damages as a result of an automobile collision which occurred on U. S. Highway No. 71 in Cad-do Parrish, on May 1, 1959. From that decree defendant has appealed.
The issues are purely factual. Plaintiff, driving his 1952 Studebaker, was pushing a 1949 Cadillac, also owned by him and which had run out of gasoline, toward a service station. Brooks Montgomery, the seventeen year old son of plaintiff was steering the Cadillac. He was accompanied by Mike Mathias. While so engaged the Studebaker was struck from the rear with such force that both the Studebaker and Cadillac were damaged to the extent that estimated costs of repair exceeded their value.
As the two automobiles were thus traveling after dark in the southbound right-hand lane of said four-lane highway, an automobile driven by Melvin Ealy was following immediately behind the Studebaker. Plaintiff alleges that the defendant, Bruce Beau- *785 belief, who was proceeding in the same direction as the other vehicles, ran into the Ealy car while traveling at a high rate of speed; that the Ealy car, in turn, struck the Studebaker; and that in the resulting collision both the Studebaker and the Cadillac were extensively damaged.
The defendant contends the damages sustained by plaintiff’s vehicles resulted solely from the collision of the Studebaker with the Ealy car. The defendant and Gaston E. Woodson, who was riding in the rear seat of defendant’s vehicle, testified that Ealy’s car collided with the Studebaker before defendant’s vehicle struck the Ealy car, and that following the first impact there was a distance of twenty-five feet or more between the Ealy car and the Studebaker, when defendant ran into the Ealy car. This was denied by Ealy, Brooks Montgomery and Mike Mathias, “who stated t-he cars were all jammed together immediately following the collision. The issue was resolved by the trial judge in favor of the plaintiff. The .circumstances do not present a case where we can discern manifest error on the part of the judge a quo and we accept his decision as being correct.
The appellee without answering the appeal has requested in his brief that the judgment of the trial court be amended and increased to the sum of $750. The judgment of the trial court cannot be so amended. An appellee who believes himself aggrieved by a judgment in his favor, in order to place himself in a position to ask for amendment thereof, must expressly answer the appeal and point out wherein the judgment should be amended, and to ask for such relief in brief is unavailing. Code of -Practice Arts. 591, 592; Moore v. Natchitoches Coca Cola Bottling Company, La.App. 2nd Cir., 1947, 32 So.2d 347; Hughes et ux. v. Gill, La.App. 1st Cir., 1949, 41 So.2d 536; Day v. Roberts, La.App. 2nd Cir., 1951, 55 So.2d 316; Vines v. Miller & Salter Bus Lines et al., La.App. 2nd Cir., 1954, 73 So.2d 328; Standard Tile & Marble Company v. Gray, La.App. 2nd Cir., 1956, 85 So.2d 356; Tolmas, Inc. v. Police Jury, 1956, 231 La. 1, 90 So.2d 65.
This case presents merely a factual issue which was determined by the trial court in favor of the plaintiff and since there is no manifest error, the judgment must be affirmed at appellant’s cost.