## GILBERT v. LACHAPELLE et al.

### No. 7996.

United States Court of Appeals for the District of Columbia.

Argued April 14, 1942.

Decided May 4, 1942.

Mr. John D. Meyer, of Pittsburgh, Pa., of the Bar of the Supreme Court of the United States, pro hac vice by special leave of Court, with whom Messrs. James M. Graves, of Washington, D. C., and Frank Keiper, of Rochester, N. Y., were on the brief, for appellant.

Messrs. Allan C. Bakewell, of New York City, and A. K. Shipe, of Washington, D. C., with whom Mr. Drury W. Cooper, of New York City, was on the brief, for appellees.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

GRONER, C. J.

This is a suit under R.S. § 4915, 35 U.S.C.A. § 63, to obtain a patent. Application in the patent office was filed October 13, 1931, and an interference was declared in 1935. In 1938 the Examiner of Interferences awarded priority of invention to appellee Lachapelle, the assignor of appellee General Motors. This was affirmed by the Board of Appeals in 1939. Suit was filed in the District Court in January, 1940, and an answer was filed in February following. The cause was assigned for trial on April 21, 1941. During this period there was. pending in the United States District Court for the Western District of New York a suit by appellant against General Motors for a breach of a confidential relation by the latter in the appropriation to its own use of a similar device.

On the day set for trial counsel for appellant requested a postponement until after the final disposition of appellant's suit in New York. The grounds of the motion were that the issues in both cases were in many respects identical, and that the court in New York had in its custody, and would not release, exhibits which were indispensable to appellant in properly trying his case in the District of Columbia. The motion was unopposed. Judge Luhring refused to grant an indefinite postponement, but. agreed to set the case over to June 2, 1941, and assigned it for trial on that day. On May 29, counsel for appellant again appeared before Judge Luhring and requested a further postponement until the fall, on the ground that the New York case had not yet been decided. This motion was denied, and appellant was ordered to be ready to proceed on June 2. On that day appellees announced themselves ready for trial. Appellant stated that he was not ready to try the case, and moved again for a postponement until the following fall. The motion was again fully argued and denied, whereupon appellant refused to proceed. Judge Bailey, finding no reasonable excuse for appellant's refusal, dismissed the case under the applicable rules.

■ This appeal is brought to' have us declare the action of the trial court an abuse of discretion. No rule is more firmly established than that the decision on matters relating to the time of trial is exclusively within the province of the trial court. In the very nature of things, that court is more full-handed of the facts than we can be by an inspection of the record, and unless there has been a clear abuse of discretion we will not reverse.

■ As to the first ground for the continuance, a comparison of the record in the New York suit with that in the District of Columbia suit discloses fundamental differences in the nature of the causes, and the claimed identity of issues is obviously incorrect. The suit here was to obtain a patent. The suit in New York was for damages growing out of an alleged breach of a confidential relation. True enough, the issue of priority of invention was involved in both cases; but in the suit here it was the whole issue while in the New York suit it was incidental, was not necessary to the decision, and, as we learn from reading the opinion of the court in New York, was not determined. The New York suit involved two claimants to priority. The District of Columbia suit involved several claimants to priority. Therefore, we are of opinion that there was no impropriety or lack of comity in the insistence by the local court that the trial proceed.

■ As to the second ground, in order that a continuance be granted because of the unavailability of evidence, it must appear that the missing evidence, if produced, would probably affect the result of the case. Knowles v. Blue, 209 Ala. 27, 95 So. 481; Virginia Beach Bus Line v. Campbell, 4 Cir., 73 F.2d 97. At the hearing in this court, it was stated by counsel for appellees, and admitted by counsel for appellant, that both Judges Luhring and Bailey were fully informed as to the relevancy and necessity of the exhibits then in the possession of the court in New York, and that appellees had offered to give appellant photographs of all the exhibits for use in the trial. Furthermore, it was stated in the argument on appeal that Judge Luhring had offered to telephone the New York judge and personally request that the exhibits be lent temporarily, and that this offer was not accepted. Had the offer been accepted, and the effort of the local

judge abortive, and had it then appeared that the exhibits were reasonably necessary to the proper trial of the case, we have no doubt a postponement would have followed. But counsel declined the offer, and we think did so at his peril.

Here, as we have pointed out, the case was originally set for trial on April 21. Postponement was had at the instance of appellant, and the case specially set for trial on June 2, following. To have put it over to a later date would have involved a delay through the summer recess.

 Finally, appellant should have proceeded with the trial, after interposing his objection to the court's refusal to continue the case. Had he lost, an appeal would have brought the whole case before us; and it is only when a final judgment on the merits has been rendered that the order refusing the continuance may be examined in its true perspective, and the rights of the parties fairly weighed. As the case is made, we have no alternative but to approve the action of the trial court.

Affirmed.