## KONSTANTINO v. CURTISS–WRIGHT CORPORATION.

### Civ. 1517.

District Court, W. D. New York.

Dec. 10, 1943.

Desmond & Drury, of Buffalo, N. Y., for plaintiff.

Frank C. Roberts, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

Three separate motions are here involved. Plaintiff moves to strike certain defenses and defendant moves to have the case placed on the military calendar for the duration of the war and by a second motion moves to quash a subpoena served on behalf of plaintiff on opposition to defendant's original motion.

This action was commenced on August 30, 1943, by filing a complaint alleging in substance that plaintiff, an employee of an independent contractor, was injured by negligence of defendant's employee who while driving a truck struck a scaffold and caused plaintiff's fall and injuries. The answer served September 21, 1943, interposed, in substance, a general denial and also set forth four other specific defenses, first, assumption of risk; second, contributory negligence; third, contributory negligence of plaintiff's co-employee and plaintiff having recourse to workmen's compensation benefits; and fourth, that the benefits provided for plaintiff under New York State Workmen's Compensation Law, Consol.Laws, c. 67, is an exclusive remedy. The action was noticed for trial at the present November trial term.

The motions will be disposed of in the order shown above.

Plaintiff moves to strike defenses numbered "First", "Third" and "Fourth" on the ground that they fail to state a claim upon which relief may be granted, and on alternate grounds. With respect to the "First" defense, under the New Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the defense of assumption of the risk is and should be set forth as an affirmative defense; Rule 8(c), and the motion is not well taken. With respect to the "Third" defense, under Rule 8(c) it should be pleaded as an affirmative defense. The "Fourth" defense merely sets forth that plaintiff's employer afforded compensation benefits to plaintiff under the Workmen's Compensation Law of New York and that this was plaintiff's exclusive remedy. No claim is made that defendant and plaintiff's employer are one, and identical, and on the argument of this motion it developed that plaintiff's employer was an independent contractor for defendant. Under this view it is clear that compensation is not an exclusive remedy, and the motion is well taken, and the entire defense numbered "Fourth" is stricken out.

In opposing plaintiff's motion, defendant contends that the same is not timely under Rule 12(f) in that it was made more than 20 days after service of the answer. Plaintiff's motion, however, is made on the ground of failure to state a claim on which relief may be granted. Rule 12 (h). The time limit in Rule 12(f) does not apply.

Defendant's first motion is for an order postponing trial until 60 days after the termination of the war. It is addressed to the discretion of the court, and defendant has submitted affidavits in support. Defendant bases its contention for postponement on the ground that the driver of the truck allegedly negligent in his operation thereof was in the armed forces and not available to testify. Defendant's original affidavit submitted in support of the motion was not sufficient and supplementary affidavits were permitted. Defendant's attorney submitted three separate affidavits of his own.

Plaintiff, in opposition to defendant's motion, has called the court's attention to the Soldiers' and Sailors' Relief Act, 50 U.S.C.A.Appendix, § 521, providing for the stay of any proceeding where a person in military service is a party, un-

686

less his ability to prosecute or defend is not materially affected. Military calendars have been set up by the courts to provide for these cases. The section is restricted to cases where those in military service are parties. There is no statutory authority where those in military service are mere witnesses, and it does not seem that the intent of Congress was to provide such alleviation. In absence of such authority or a rule of court, no power is perceived whereby trial can be postponed for such an indefinite date, but the court has looked at the merits of the pending motion and has treated the matter as one requesting a continuance over the present trial term.

■ The law seems well settled that to obtain a continuance because of absent witnesses certain factors must appear, and the motion is addressed to the discretion of the court. The substance of the absent witness' testimony must be set forth, and it must be material and of such nature that its admission will probably affect the result. See 17 C.J.S., Continuances, §§ 46–63; Gilbert v. Lachappelle, 75 U.S.App. D.C. 395, 127 F.2d 750.

■ On examination it is noted that defendant's affidavits fail to set forth the substance of the testimony to be given and fail to set forth its materiality, except for general averments that it will concern certain issues. On defendant's affidavits it is perfectly consonant that the absent witness will testify to facts favorable to the plaintiff. Defendant's affidavits are further silent on due diligence in attempting to make available the witness and the availability of other witnesses to the same facts (although plaintiff's affidavits indicate there are several others known to defendant).

On the foregoing, defendant's motion for postponement is denied. It is unnecessary to decide defendant's motion to quash the subpoena.

Let orders be prepared accordingly.