**AETNA CASUALTY AND SURETY CO., Plaintiff,**

v.

**The S/S GREEN BAY and Central Gulf Steamship Corporation, Defendants.**

**Civ. A. No. 67–1652.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Nov. 24, 1969.

Ralph E. Smith, New Orleans, La., for plaintiff.

Robert M. Contois, Jr., New Orleans, La., for defendants.

RUBIN, District Judge:

Aetna Casualty and Surety Company (Aetna), as subrogee of its insured, J. A. Jones Construction Company, sued the S/S GREEN BAY and Central Gulf Steamship Corporation (Central Gulf) for the value of used construction equipment being shipped to the United States as deck cargo from a port in Iraq and lost in a storm at sea in the Western Mediterranean on January 12, 1966. The suit was filed on November 9, 1967; a trial request by Aetna was filed in the record on January 19, 1968.

The court set the case for pre-trial conference on April 30, 1968. On April 22, 1968 the court granted a joint motion for a continuance of the pre-trial conference on the ground that counsel were encountering difficulty in locating witnesses and collecting technical data for trial and were therefore unable to formulate a pre-trial order and estimate when they might be ready for trial. The pre-trial conference was continued indefinitely and later reset for June 28, 1968. On June 13th, however, on Aetna's motion suggesting that Aetna was encountering difficulty in completing discovery, the court again continued the pre-trial conference indefinitely but removed the case from the trial calendar and indicated it would be reassigned "only upon notice of counsel that they are fully ready for trial." Almost ten months later, on March 4, 1969 there having

been no new trial request made by Aetna, a conference was held on the court's motion to inquire into the status of the suit. At the conference counsel informed the court that discovery had not been completed and requested additional time until June 1, 1969 to do so. The full amount of time requested was allowed, and a formal pre-trial conference was set for June 13, 1969.

The pre-trial conference was held as scheduled. At the conference the defendant asked that Aetna be required to produce the material history cards on the lost equipment because it was assumed that these would show the cost of the equipment, its age, and amount it had been used. Aetna agreed to produce these cards, but suggested that it needed until August 1, 1969 to take the deposition of one additional witness. Accordingly, trial was set for September 23, 1969, at 9:00 o'clock a. m.

During the week before the trial date, the court in accordance with its usual practice, telephoned counsel for both parties to inquire about the status of the case. The court was informed that the case had not been settled and was ready for trial, and in the conversation the court notified each lawyer that the case was first on the docket and they should be ready to proceed. Counsel indicated to the court that the case would be tried entirely or in large part on depositions. Memoranda of authorities were filed in accordance with the pre-trial order. The day before the date fixed for trial, the court studied the memoranda and read the depositions that had been filed.

When the case was called, counsel for Aetna stated that Aetna would rely solely on the depositions that had been filed in the record, the survey reports, the answers by Central Gulf to interrogatories propounded by Aetna, and the deposition of Harold Stumme on written interrogatories. The court observed that these items did not contain any evidence relating to damages and asked how, under such circumstances, a judgment could be rendered even if Aetna were found entitled to recover. At that

moment, for the first time, Aetna moved to reserve the issue of damages. At no time before then had Aetna requested severance of this issue, nor had it sought a continuance. The first suggestion that Aetna might not be prepared to offer proof on damages was a paragraph in Aetna's trial brief, delivered the morning of trial, stating, "[R]ather than incur unwarranted expense in the taking of testimony (regarding valuation of the equipment), plaintiff requests that determination of damages be reserved until liability has been resolved."

Thereafter, in a post trial memorandum, Aetna informed the court that, after the equipment had been shipped, the political situation in Iraq had "deteriorated." The equipment records had been left in Iraq and in March, Aetna had been advised that representatives of its assured could not visit Iraq to inspect them. However, Aetna had expected the records would be available for the trial as a means of proving the market value of the equipment. It suggests that it did not try to take depositions from personnel of its assured who were available in North Carolina because of "time and expense," although it is not clear why there was not ample time available nor does there appear to have been any major expense involved in taking a deposition on written interrogatories in North Carolina. At any rate, no effort was made to discuss these problems with the court in advance of trial.

Aetna also informed the court in its post trial memorandum that, on September 17, 1969, it had been informed that a representative of its assured had visited Iraq but had not found the maintenance records. However, Aetna does not suggest when, if ever, it will be able to establish the value of the equipment although it says, "Consideration has been given to taking the testimony of * * * an officer of J. A. Jones Construction Co., in charge of the Iraq project, who has recently been located in Bolivia." No suggestion is made that this officer will know the value or condition of the

specific items of equipment that were lost.

The motion to sever, coming as it did, only after the trial had been called and after the court's inquiry into the lack of evidence with regard to damages, must be considered as a belated motion for a continuance.

In the court's minute entry following the status conference, on March 4, 1969, the court directed counsel to be prepared for trial shortly following the pre-trial conference. During the conference the court commented to attending counsel that they should expect to have the trial completed by the end of June. Nevertheless, at plaintiff's request, the trial was delayed until September 23, 1969. Now plaintiff seeks another delay. The defendant urges that it is entitled to have this litigation come to an end and urges the court to deny the motion to sever the issue of damages for later trial.

The defendant is right. Aetna has not shown diligence in preparing for trial, nor has it shown when, if ever, it will be prepared. At the time of the pre-trial conference, Aetna had reason to believe that the maintenance records might be unavailable, and, at best, it took a calculated risk in choosing to rely on the possibility of getting them instead of seeking to establish the amount of damages by some other method.

■ The granting or denial of a motion for a continuance rests on the sound discretion of the trial court. Girard Trust Co. v. Amsterdam, 5 Cir., 1942, 128 F.2d 376. *See also* Duisberg v. Markham, 3 Cir. 1945, 149 F.2d 812, cert. den. 326 U.S. 759, 66 S.Ct. 98, 90 L.Ed. 456; Merritt-Chapman & Scott Corp. v. Kent, 6 Cir. 1962, 309 F.2d 891, cert. dismissed, 372 U.S. 982, 83 S.Ct. 1118, 10 L.Ed.2d 197. Once the trial date has been reached, counsel should be able to show at least reasonable diligence to obtain a continuance. Gilbert v. Lachapelle, 1942, 75 U.S.App.D.C. 395, 127 F.2d 750. *See also* Royster v. Lederle, 6 Cir. 1942, 128 F.2d 197; Broadcasting Publications, Inc. v. District of Columbia, 1962, 114 U.S.App.D.C. 163, 313 F. 2d 554.

■ Judge Alfred P. Murrah has said that, when a suit is filed in court, it ceases to be the private business of the litigants, and becomes the business of the public. Both the public and the litigants have a right to expect that cases will proceed to trial with reasonable promptness. Counsel should be given as much time to prepare as is reasonably needed, for the objective of the courts is justice, under law, not haste. But justice delayed can be justice denied. Once counsel has been given all the time requested to prepare for trial, the trial date has come, and the case has been called, it is too late to seek a severance of issues or a continuance absent unexpected circumstances that have arisen despite counsel's diligent effort to prepare. Hence judgment will be entered for the defendant.