106 F.3d 442
 323 U.S.App.D.C. 173
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Jane DOE, et al., Appellees,
v.
DISTRICT OF COLUMBIA, et al., Appellants.
 No. 96-7074.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 20, 1996.
 
 Before EDWARDS, Chief Judge, SILBERMAN, Circuit Judge, and BUCKLEY, Senior Circuit Judge.
 
 JUDGMENT
 
 1
 Upon consideration of appellants' appeal from the District Court's denial of a continuance in a contempt proceeding, it is
 
 
 2
 ORDERED and ADJUDGED that, for the reasons stated in the accompanying memorandum opinion, the judgment of the District Court be affirmed. The District of Columbia failed to meet its burden to show that it had been harmed by the denial, and, therefore, we find that such denial does not constitute an abuse of the District Court's discretion.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein, until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 MEMORANDUM
 
 4
 Appellants, the District of Columbia and other government officials ("the District"), appeal the District Court's order finding them in contempt of two consent decrees governing the delivery of medical care to prisoners. See Inmates of Three Lorton Facilities v. D.C., Civ. No. 92-1208 (Feb. 29, 1996), reprinted in App. I at 79. In the course of that proceeding, the District Court denied appellants' motion for a seventeen-day continuance of the hearing. See Inmates of Three Lorton Facilities v. D.C., Civ. No. 92-1208 (Feb. 22, 1996) (order), reprinted in App. III at 996; Transcript of Motion Hearing at 6-7, Inmates of Three Lorton Facilities v. D.C., Civ. No. 92-1208 (Feb. 26, 1996), reprinted in App. II at 6-7. Appellants claim that this denial constitutes an abuse of discretion because the District was unaware of the nature of the evidence and the theory of the case that would be presented against them until three days before the hearing and thus could not prepare for it in that period.
 
 
 5
 For two reasons, we find that the District Court's decision denying appellants' request for a seventeen-day continuance did not constitute an abuse of discretion. See United States v. Poston, 902 F.2d 90, 96 (D.C.Cir.1990) (Only where the District Court has "clearly abused" its discretion will a reviewing court reverse the district court's decision on a request for a continuance. (citation omitted)). First, the hearing transcript suggests that, in fact, appellants were offered an additional week to prepare after they heard the prisoners' case, but that they declined this opportunity due to counsel's time conflict. See Transcript of Motion Hearing at 200-03, Inmates of Three Lorton Facilities v. D.C., Civ. No. 92-1208 (Feb. 26, 1996), reprinted in App. II at 200-03.
 
 
 6
 Second, and more importantly, both before the trial court and before this court, the District could not show that it was harmed by the denial of its request for additional time. Circuit law states that in a case involving the denial of continuance requested to obtain missing evidence, "it must appear that the missing evidence, if produced, would probably affect the result of the case." Gilbert v. Lachapelle, 127 F.2d 750, 751 (D.C.Cir.1942). Case law from other circuits also indicates that in order to show an abuse of discretion, an appellant must demonstrate denial of the continuance prejudiced appellant's case. See, e.g., United States v. 2.61 Acres of Land, 791 F.2d 666, 671 (9th Cir.1985). Appellants simply did not meet that burden here. At no point did appellants claim that the time provided by a continuance would enable them to locate evidence or take depositions to show that they were in compliance with the consent decrees at issue in the proceeding. Appellants' claim that the District Court abused its discretion by denying their request for a continuance, therefore, must fail.