## CLYDE IRON WORKS v. FRERICHS et al.

(Circuit Court of Appeals. Fifth Circuit. March 11, 1913. Rehearing Denied April 8, 1913.)

### No. 2,323.

**1.** SALES (§ 61*)—EXECUTORY CONTRACT—SELECTION OF GOODS.

A contract for the sale of machinery to be shipped from Minnesota to Louisiana was executory until the machinery was selected and separated from the seller's general stock and appropriated to the sale, both under the general law and as provided by Rev. Civ. Code La. art. 2456.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 162–170; Dec. Dig. § 61.*]

**2.** SALES (§ 451*) — CONDITIONAL SALES — STATE LAW — EXTRATERRITORIAL FORCE.

The Louisiana law, holding conditional sales ineffective, has no extraterritorial force to invalidate a conditional sale contract for the sale of machinery before or at the time of the delivery of the machine in Minnesota for transportation to Louisiana, so as to pass the title to the buyer before it had paid the purchase price, since, as the condition was effective in Minnesota, the title did not pass on delivery to the carrier.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1323; Dec. Dig. § 451.*]

What constitutes a contract of conditional sale, see note to Dunlop v. Mercer, 86 C. C. A. 448.]

**3.** SALES (§ 479*)—CONDITIONAL SALES—VALIDITY—LIEN FOR UNPAID PURCHASE PRICE.

A lumber company purchased certain machinery under a conditional contract of sale, reserving title in the seller until the price was paid, the machinery to be shipped from the seller's place of business in Minnesota to the buyer in Louisiana, and to be paid for $1,000 cash and the remainder in 30-day notes to be executed on arrival of the machine in Louisiana. The reservation of title was valid in Minnesota, but invalid in Louisiana; its place there being taken by Rev. Civ. Code La. art. 3227, giving the seller a lien for the unpaid purchase price. *Held* that, on a sale of the machine by receivers of the buyer before the price was paid, the seller was entitled to a lien on the proceeds for the unpaid portion of the price, regardless of whether the contract was enforceable according to the law of Minnesota or Louisiana.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1438; Dec. Dig. § 479.*]

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Intervention by the Clyde Iron Works against H. J. Frerichs and another, as receivers of the Greenlaw Lumber Company, Limited. Decree for defendants, and plaintiff appeals. Reversed and remanded.

Edwin T. Merrick, Walter S. Lewis, Philip Gensler, Jr., and Ralph J. Schwarz, all of New Orleans, La., for appellant.

F. L. Richardson and Frank Soule, both of New Orleans, La. (L. A. Morphy, on the brief), for appellees.

Before SHELBY, Circuit Judge, and NEWMAN and GRUBB, District Judges.

SHELBY, Circuit Judge. A contract was made and signed at Ramsey, La., November 29, 1909, between the appellant, the Clyde Iron Works, and the Greenlaw Lumber Company, for the sale by the former to the latter of a log-handling machine and swinging boom for $2,900. The machine was to be "delivered f. o. b. cars Duluth, Minn." One thousand dollars of the purchase money was to be paid in cash; the remainder in ten installments of $190 each, for which notes were to be given on the arrival of the machine in Louisiana. The first note was to be due in 30 days, and one note every 30 days thereafter. The price was to include the costs of "the services of a man to superintend in the erection of the machine" in Louisiana. It was provided that, if the buyer decided that the machine was not suitable for the work, it could return it to the seller at Duluth and pay return charges. The contract contained the following clause:

"It is understood that the legal title to said machine shall remain in you [the seller] until fully paid for, and any note or other bill of exchange given you for any portion of the purchase price of said machine, or any judgment obtained thereon, shall not be deemed a payment hereunder until the same is actually paid in cash."

The machine was shipped and erected, and was accepted by the buyer. The purchase money was all paid, except $760 and interest, which is still due the seller. Receivers were appointed by the lower court for the buyer, the Greenlaw Lumber Company, and they took possession of the machine. A controversy arose between the receivers and the seller as to whether the latter had a vendor's lien or privilege on the machine for the unpaid purchase money. The machine was sold by order of the court, with other property of the company, and its price brought into court, which is more than the amount due to the seller. The seller, by intervening petition, claimed payment in full as a preferred creditor, and the receivers of the buyer contested the claim, not denying that the seller was entitled to rank as an ordinary creditor for the sum still due on the machine.

The District Court decided, confirming the report of the special master, that the seller was entitled to recover only as an ordinary creditor, and dismissed its intervening petition in all other respects. The seller, the Clyde Iron Works, appealed to this court, and assigns the decree as error.

The ultimate and only practical question is whether or not the seller, out of the fund derived from the sale of the machine, is entitled to payment in full of the purchase money, or is it entitled to share only as an ordinary creditor?

If the contract of sale was made in Louisiana, and is to be governed by the law of that state, the seller would have a lien or privilege for the unpaid purchase money. Civil Code La. art. 3227.

[1] The written contract signed in Louisiana provided for the delivery of the property on board cars in Minnesota. The identical machinery sold had not been selected when the contract was signed. It was subsequently selected and delivered to the carrier. Both under the general law and under the Louisiana Code, the contract was execu-

tory until the machine, the object of the sale, was selected and sep-
arated from the seller's general stock, and so appropriated to the sale.
Benjamin on Sales (7th Ed.) § 311, and note; Civil Code La. art. 2456.
It appears, therefore, that the executory contract was consummated
in Louisiana, but the executed contract was consummated by selec-
tion, separation, and delivery in Minnesota. The appellant's conten-
tion is that, when such is the case, the contract is to be treated as a
sale made in Louisiana and to be governed by the laws of that state.
Erman & Cahn v. Lehman, 47 La. Ann. 1651, 18 South. 650, and Mc-
Lane v. His Creditors, 47 La. Ann. 134, 16 South. 764, are cited as
sustaining this view. Later cases, however, modify, if they do not
overrule, the doctrine of the two cases last cited, and indicate that
an executory contract for the sale of an indeterminate object would
not become an executed sale till the object is identified and appro-
priated to the sale, and that, if such appropriation did not occur in
Louisiana, the contract of sale is not a Louisiana contract. State v.
Shields, 110 La. 547, 555, 34 South. 673; George D. Witt Shoe Co. v.
J. A. Seegars & Co., 122 La. 145, 47 South. 444. In the present case,
this appropriation occurred, as we have said, in Minnesota. Relying
on the cases last cited, and others reaffirming that doctrine, the appel-
lees contend that "title in the machine" passed to the Greenlaw Lum-
ber Company on the delivery of it to the carrier, and that the execu-
tory agreement made in Louisiana became an executed sale in Minne-
sota, and that the Louisiana statute, giving a privilege for the purchase
money, is inapplicable. It is true that the contract only became an ex-
ecuted contract of sale on the selection, separation, and delivery of the
machine in Minnesota; but it is not true that the title passed from
the seller to the buyer on such delivery. The contract, in express
terms, retained the title in the seller until all of the purchase money
was paid. Such retention of title would not be valid or effective in
a contract of sale consummated in Louisiana, where conditional sales
are not recognized as valid (Barber Asphalt Paving Co. v. St. Louis
Cypress Co., 121 La. 152, 46 South. 193); but they are recognized as
valid in Minnesota (Minneapolis Harvester Works v. Hally, 27 Minn.
495, 8 N. W. 597; Dyer v. Thorstad, 35 Minn. 534, 29 N. W. 345;
Keystone Mfg. Co. v. Cassellius, 74 Minn. 115, 76 N. W. 1028), and
they are also held valid under the general law (Harkness v. Russell,
118 U. S. 663, 7 Sup. Ct. 51, 30 L. Ed. 285), and are upheld and en-
forced by this court, unless the local law prevents (Southern Hard-
ware & Supply Co. v. Clark [C. C. A.] 201 Fed. 1). Conditional sales
are almost universally sustained as entirely lawful. 1 Mechem on
Sales, § 564. In some states they are construed to be chattel mort-
gages. They are made in many different forms (1 Mechem on Sales,
§ 561); but in every instance they constitute a security for the pur-
chase money. If valid in Louisiana, they would be of little use, as a
lien exists there by statute for the purchase money.

[2] The Louisiana law, holding conditional sales ineffective, has no
extraterritorial force to invalidate the condition in the contract before
or at the time of the delivery of the machine in Minnesota, so as to
make the title pass to the buyer before it had paid the purchase money.

The condition being effective in Minnesota, the title did not pass on the delivery to the carrier.

[3] The appellant contends that the moment the machine reached Louisiana the situation changed, "because the Louisiana law will not recognize a conditional sale of this kind," and consequently title did not pass till the machine came within the state of Louisiana. It is claimed, therefore, that both the executory and executed contracts were consummated in Louisiana, and that it follows that a lien exists for the unpaid purchase money under the Civil Code. That may be true, or it may not be true. A decision of that question does not seem to be necessary.

We repeat that the ultimate and only practical question is whether or not the seller is entitled to payment in full out of the money in court of the remainder due on the purchase, or is it entitled only to share with the other creditors?

The case is certainly governed, as to the disputed question, by either the Minnesota or the Louisiana law; for the completed sale was effected in one of these states or the other. If it is governed by the law of the former state, the contract secured all of the purchase money by retaining title in the seller till the purchase money was all paid, and the fund in court arising from its sale equitably belongs to the appellant to the extent of the amount due on the machine. If the case is governed by the Louisiana law, the statute gives the privilege or lien for the unpaid purchase money. In either view, therefore, the appellant would be entitled to full payment. A contrary conclusion can only be reached by treating the contract as a Louisiana contract to defeat the provision making the sale a conditional one, and by treating it as a Minnesota contract to prevent the application of the Civil Code allowing the privilege for the unpaid purchase money. We do not think the Louisiana jurisprudence can be used to brush the Minnesota law aside and not take its place; it cannot be used to divest the seller's title retained by the contract, and not stand to give the seller the privilege or lien granted by it.

We are of the opinion that the appellant is entitled to payment as a preferred creditor out of the fund produced by the sale of the machine.

The decree is reversed, and the cause remanded, with instructions to enter a decree conforming to the opinion of this court.