ST. PAUL, J.
Plaintiff sues for the price of 20 barrels of whisky sold to defendant in December, 1918, which defendant refused to accept. The question is whether the contract remained executory, leaving plaintiff only an action for damages, or did it ripen into an executed contract, so that the whisky became the property of defendant, entitling plaintiff to sue for the price.
I.
The agreement was originally for 30 barrels, of which 10 were to be, and were, delivered at once, 10 to be delivered on January 10th, and 10 on January 25, 1919. On January 7th defendant wired plaintiff:
“Hold ten barrels to be shipped January 10th and 25th, and ship February 1st and 15th; am crowded for room.”
On January 13th plaintiff drew from its stock 20 barrels of whisky, had them re-gauged by the government, marked them with defendant’s name and address, and put them aside in its warehouse to await the time of shipment, and thereupon sent defendant the official gauger’s certificate showing the serial numbers and contents of the barrels. On January 20th defendant wrote plaintiff;
“Inasmuch as I am overstocked and the transportation of liquor into Texas is prohibited, you can cancel balance of my order.”
Plaintiff, however, refused to accept the cancellation, and this suit followed. At the time it was tried below (June, 1919) the whisky was still in plaintiff’s warehouse and intact.
II.
[2] We think the sale became executed when the 20 barrels of whisky were segregated from the balance of plaintiff’s stock and put aside as the property of defendant. This was an “appropriation,” and completed the sale absolutely, whereby defendant became the owner of the 20 barrels of whisky thus appropriated, and plaintiff became entitled to the price. Thus:
“Any act indicating a definite intention to appropriate the goods to the contract is sufficient, such as setting apart and marking the goods for the buyer. * * * An appropriation by the seller alone will not pass title unless assented to by the buyer. This assent may, however, be either express or implied, and may be given by one party either before or after the act of appropriation by the other.” 16 Cyc. 296, 297.
[1] As the buyer was here in Louisiana, and the goods were to be taken out of stock and shipped by plaintiffs from its warehouse in Cincinnati, it is clear that defendant assented in advance that the appropriation should be made by plaintiff. And by this appropriation the sale was completed, as there is no claim that the goods were not right
III.
In State v. Shields, 110 La. 547, 34 South. 673, Kessler v. Manhein, 114 La. 619, 38 South. 473, and Witt Shoe Co. v. Seegars, 122 La. 145, 47 South. 444, the question involved was simply whether an executory agreement to sell and buy indeterminate objects was a completed contract of sale. The court held that such a contract was not a sale until there had been an appropriation of the specific objects which were to become the property of the buyer, and that no such appropriation had been made at the time of such agreement. What was said about delivery to a carrier or warehouseman was undoubtedly germane to the subject, since a delivery is necessarily an appropriation. But the two are' not the same, the one being essential to the completion of the sale, the other not so; and the court was not specially concerned in those cases, as it is in this, with the precise issue whether there can be an appropriation without a delivery. Hence those eases cannot be taken as holding the negative thereof.
*1075 IV.
Defendant says In Ms brief:
“The plaintiff has lost nothing, for its suit is merely speculative, as it has the whisky or the proceeds thereof; and it is now trying to force the defendant to pay for something which plaintiff itself has in its possession, or has sold for a largely increased consideration.”
We deem it hardly necessary to say that, since defendant was the lawful owner of the 20 barrels of whisky from the time they were set aside as his, it follows that plaintiff was thereafter merely bailee thereof for his account (though with an interest), and that plaintiff is entitled to the possession thereof if still on hand, or to an accounting therefor if sold. Hence, if sold “for a largely increased consideration,” defendant finds himself in an even more fortunate position than had his offer to cancel the sale been accepted. But the petition shows that the whisky was on hand when the suit was filed, and was then again tendered defendant, which was all defendant need do in the premises ; so that, if the whisky be still on hand, any complications which may have arisen since, or may arise hereafter, cannot be laid to the charge of plaintiffs.
Decree.
The judgment appealed from is therefore affirmed.
Rehearing refused by WHOLE COURT.