## FABACHER v. UNITED STATES.

### No. 7975.

Circuit Court of Appeals, Fifth Circuit.

July 14, 1936.

Edwin H. Grace, of New Orleans, La., for appellant.

Saul Stone, Asst. U. S. Atty., of New Orleans, La., for the United States.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Appellant was convicted upon an indictment charging in separate counts the possession and sale of tax unpaid alcohol, and sentenced to imprisonment in a penitentiary for eighteen months. He assigns as error the failure of the court to sustain in full his motion for a bill of particulars, the admission in evidence of a telephone conversation between him and the purchaser, the granting of instructions in behalf of the government, and the refusal of instructions requested in his behalf, including an instruction to the jury to find the defendant not guilty.

Appellant did not take the witness stand and no evidence was offered by him. From the uncontradicted testimony for the prosecution, the jury must have found' that a government agent, Hebson, in Houston, Tex., on March 28, 1935, called appellant in New Orleans by long-distance telephone; that when the connection was made he asked if he was talking to appellant, was told to wait a minute, after which another voice answered; that Hebson asked the second person if this was Jake Fabacher, and received the answer, in a very distinct voice, that it was; that witness had heard appellant's voice' many times before over the telephone, and was familiar with it, but had only heard it once in person, which was the day of the trial, and there was no question in his mind that the voice he heard was that of appellant; that Hebson then and there placed an order by telephone with appellant for thirty-six gallons of tax unpaid alcohol at a total price of $91, and agreed to remit the price by telegraphic money order to the appellant at his place of business, 347 Rampart street, New Orleans, La., the latter agreeing, upon receipt of the price, to ship the alcohol to George Duncan (the name given by witness) in Houston, Tex. The remittance was made as arranged, the canceled draft being produced in evidence, and the indorsement of the payee thereon being identified as having been made by appellant. Not having received the alcohol on April 1, 1935, Hebson sent a telegram to appellant, which read: "Shipment ordered Thursday not received what is wrong answer Postal Telegraph." This telegram was delivered at appellant's place of business, and he signed a receipt therefor. Appellant read the telegram, stated that he understood what it was, and tore it up. A few days later another telegram was sent to appellant concerning the shipment of alcohol, to which appellant replied by telegram, these messages, being identified and introduced in evidence. On April 1, 1935, thirty-six gallons of tax unpaid alcohol were delivered to a common carrier in New Orleans for delivery in accordance with the telephone agreement between Hebson and appellant, and a few days later the shipment was de-

604

livered by carrier at Houston, Tex. This alcohol was introduced in evidence, and the containers bore no stamps showing taxes paid.

■ The government did not undertake to prove that the possession or sale occurred at any particular place in New Orleans, and could not have done so, as no one saw the appellant deliver the alcohol to the common carrier, or in possession of it, and the evidence of his guilt in respect to the particular place of possession and delivery was wholly circumstantial. However, the exact location was not an element of the offenses charged. Heitler v. United States (C.C.A.) 280 F. 703; Dukich v. United States (C.C.A.) 296 F. 691; Hartzell v. United States (C.C.A.) 72 F.(2d) 569; Lauderdale v. United States (C.C.A.) 48 F.(2d) 481.

The request for a bill of particulars was a matter which addressed itself to the sound discretion of the court. It did not abuse that discretion in refusing to require the District Attorney to furnish information to the defendant of the exact place in the city where the crimes were committed. Rosen v. United States, 161 U.S. 29, 16 S.Ct. 434, 40 L.Ed. 606; Savage v. United States (C.C.A.) 270 F. 14; Moens v. United States, 50 App.D.C. 15, 267 F. 317; Horowitz v. United States (C.C.A.) 262 F. 48, appeal dismissed 254 U.S. 616, 41 S.Ct. 148, 65 L.Ed. 440; Mayer v. United States (C.C.A.) 259 F. 216; Collins v. United States (C.C.A.) 253 F. 609; Knauer v. United States (C.C.A.) 237 F. 8.

■ The testimony of the witness Hebson with reference to the contract of sale over the long-distance telephone was competent, in view of his positive identification of appellant's voice at a later time, even on the date of the trial. It was for the jury to say from this and corroborating testimony whether the conversation over the telephone took place between the witness and the appellant. Among the corroborating circumstances were the facts that the telegrams were received and understood, the money order received, the draft cashed after having been indorsed by appellant, and the alcohol shipped from New Orleans; all in accordance with the agreement had over the telephone, together with the fact that the call was placed for the telephone number ordered by and listed in the name of appellant. Lewis v. United States (C.C.A.1) 295 F. 441, certiorari denied 265 U.S. 594, 44 S.Ct. 636, 68 L.Ed. 1197; Wallace v. United States (C.C.A.6) 291 F. 972; Robilio v. United States (C.C.A.6) 291 F. 975.

■ Assignments with reference to the granting and refusing of instructions by the court, particularly the refusal to direct a verdict of not guilty, involve a contention that the evidence showed the sale did not take place in Louisiana, but in Houston, Tex. The appellant avers that the doctrine as to when title passes in matters of sale is the same in criminal as in civil cases (citing Hoffman v. Gosline et al. [C.C.A.] 172 F. 113, 55 C.J. 529, 530), but contends that delivery was a necessary condition of the sale, which, under the agreement, was intended to and did take place in Houston, Tex. We think the delivery in this case occurred in New Orleans when the defendant segregated the liquor for the vendee and actually delivered the same to the common carrier consigned to the vendee. State v. Shields, 110 La. 547, 34 So. 673; Edgwood Co. v. Falkenhagen, 151 La. 1072, 92 So. 703; Clyde Iron Works v. Frerichs (C.C.A.) 203 F. 637.

■ Exception was also taken to the refusal of the court below to instruct the jury that the sale as charged in count 2 must have been consummated in the state of Louisiana, and that if the evidence failed to show this beyond a reasonable doubt they should find the defendant not guilty. This instruction was properly refused not only for the reasons heretofore stated, but because section 42 of the Judicial Code (28 U.S.C.A. § 103) provides: "When any offense against the United States is begun in one judicial district and completed in another, it shall be deemed to have been committed in either, and may be dealt with, inquired of, tried, determined, and punished in either district, in the same manner as if it had been actually and wholly committed therein."

We find no reversible error in the record, and the judgment of the District Court is affirmed.