**In the Matter of Richard Sim HOOVER, Bankrupt.**

**WEST PUBLISHING COMPANY, Appellant,**

**v.**

**Asa WILLIS, Trustee, Appellee.**

**No. 30626.**

United States Court of Appeals, Fifth Circuit.

July 13, 1971.

196

F. Joseph Drolla, Jr., Clarence F. Favret, Jr., New Orleans, La., Robert Eatman, Shreveport, La., Favret & Drolla, New Orleans, La., for appellant.

Archie M. Simon, Fred Simon, Shreveport, La., for appellee.

Before COLEMAN, SIMPSON and RONEY, Circuit Judges.

RONEY, Circuit Judge:

In this bankruptcy case we must decide if West Publishing Company is a secured creditor under Louisiana law as

a result of the sale of law books to the bankrupt under a Minnesota conditional sales contract. The referee in bankruptcy refused to recognize West as a secured creditor and the district court affirmed.

■ Holding that West's sale of law books under a Minnesota conditional sales contract does not entitle it to a vendor's privilege under Louisiana law, we affirm.

West Publishing Company, located in St. Paul, Minnesota, sold law books to the bankrupt resident of Louisiana, Richard Sim Hoover. Pursuant to three conditional sales contracts, the books were shipped by West from St. Paul to Louisiana and it was stipulated that "the sale was consummated in the State of Minnesota." At the time of the adjudication in bankruptcy, the bankrupt owed West the sum of $2,576.79 on the purchase price of the books.

West claimed a vendor's privilege under Article 3227 of the Louisiana Civil Code.[1]

"Art. 3227. Vendor's privilege on movables; agricultural products of the United States. He who has sold to another any movable property, which is not paid for, has a preference on the price of his property, over the other creditors of the purchaser, whether the sale was made on a credit or without, if the property still remains in the possession of the purchaser."

■ Louisiana courts have long held that the preference granted by this statute does not extend to vendors who make sales outside of the State of Louisiana. George D. Witt Shoe Co. v. J. A. Seegars & Co., 122 La. 145, 47 So. 444 (1908); Claflin & Co. v. Mayer, 41 La. Ann. 1048, 7 So. 139 (1889); Succession of Welsh, 111 La. 801, 35 So. 913 (1904).

■ West argues that this sale took place in Louisiana because the title to the books must have passed to Hoover in Louisiana by virtue of Louisiana law,[2] and not in Minnesota where the vendor retained the title. Regardless of where or when title passed, the parties stipulated that the sale was consummated in Minnesota, and we think the court properly determined from that fact that for the purposes of applying Article 3227 the sale was made outside of Louisiana and must be judged as such. Consolidated Cos., Inc. v. Laws, 11 La.App. 676, 124 So. 775 (1929); Edgwood Co. v. Falkenhagen, 151 La. 1072, 92 So. 703 (1922); Modern Farm Service, Inc. v. Ben Pearson, Inc., 308 F.2d 18 (5 Cir. 1962).

■ This preferential treatment of vendors in state sales over vendors of goods sold outside of the state is attacked as being unreasonable and arbitrary so as to be invidious to the equal protection clause of the Fourteenth Amendment. Although this point was not raised before the referee or the district court, the law is clearly contrary. Griffin v. McCoach, 313 U.S. 498, 61 S. Ct. 1023, 85 L.Ed. 1481 (1941); Watson v. Employers Liability Corp., 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74 (1954). Cf., Missouri v. Lewis, 101 U.S. 22, 25 L.Ed. 989 (1879).

■ The alternative position of West, asserted on this appeal but not below, is that its conditional sales contracts should be recognized as giving West a secured claim in bankruptcy. The an-

---

1. This Civil Code privilege has no true equivalent in common law, though it is often referred to as a lien and the terms are used interchangeably. We have held that the vendor's privilege under this statute meets the requirements of § 70(c) of the Bankruptcy Act as a secured claim. In re Trahan, 283 F.Supp. 620 (W.D.La.1968), aff'd, 402 F.2d 796 (5th Cir. 1968).

2. Under Louisiana law, title passes upon execution of a sales contract and delivery of the goods, even though the contract may provide for title to be retained by the vendor until the purchase price is paid. Barber Asphalt Paving Co. v. St. Louis Cypress Co., 121 La. 152, 46 So. 193 (1908).

swer is simply that conditional sales contracts or contracts with retention of title in the vendor are not recognized under Louisiana law. Parnell v. Baham, 228 So.2d 53 (La.App.1969), *writ refused*, 255 La. 242, 230 So.2d 92 (La. 1970).

■ Although such contracts will be enforced when the sale is made outside the state and the goods are brought into the state without the vendor's consent, they are clearly given no effect when the seller knows that the property is to be brought into Louisiana, as under the facts of this case. Universal C.I.T. v. Hulett, 151 So.2d 705 (La.App.1963) clearly sets forth the state law in this regard:

> "Thus, even though conditional sales and unrecorded chattel mortgages are not recognized in Louisiana, through comity the Louisiana courts will nevertheless enforce such transactions when validly confected in another state, even to the prejudice of innocent third persons who have dealt with the property in Louisiana—providing the property has been brought into Louisiana without the creditor's consent. If the chattel which was the object of the foreign conditional sale or chattel mortgage is brought into Louisiana with the consent or to the knowledge of the creditor, however, the Louisiana courts will then apply the Louisiana law and policy protecting third persons who deal with the property in Louisiana (instead of enforcing the conflicting foreign-law rights of the creditor), on the theory that the creditor consented to or intended the application of Louisiana law to dealings with the movable brought to Louisiana with his consent or to his knowledge. See, e. g.: Fisher v. Bullington, 223 La. 368, 65 So.2d 880 and Finance Security Co. v. Mex-

ic, La.App.Orleans, 188 So. 657 (conditional sales—also Restatement of Conflict of Laws, Sections 275 and 276); G. F. C. Corp. v. Rollins, 221 La. 166, 59 So.2d 108 and General Motors Acceptance Corp. v. Nuss, 195 La. 209, 196 So. 323 (chattel mortgages—also Restatement, Sections 268, 269, 271)." At 707, 708.

■ Although West makes an extensive argument that there is no legal basis for disallowing conditional sales in Louisiana, this court is bound to apply the Louisiana law of preferences and privileges as it has been determined by Louisiana courts. In re Trahan, 283 F. Supp. 620 (W.D.La.1968), *aff'd*, 402 F. 2d 796 (5th Cir. 1968). We interpret Clyde Iron Works v. Frerichs, 203 F. 637 (5th Cir. 1913), which appears to be contrary to our holding, as nothing more than an early attempt to choose how state law should be applied prior to the definitive direction of *Erie*. Louisiana law being clear, the federal court cannot concern itself with its correctness or with the equity of the policy adopted by the state courts.

■ Lastly, West contends that the failure to enforce the plain agreement of the parties under the conditional sales contracts impairs the obligation of contracts in contravention of Article One, Section 10, Clause 1 of the Constitution of the United States.[3] Even if these contracts had been made before the Louisiana law became well-settled as to the invalidity of such agreements, the argument would succumb to Central Land Co. v. Laidley, 159 U.S. 103, 16 S. Ct. 80, 40 L.Ed. 91 (1895), which holds that this clause of the Constitution is directed only against legislation and not against impairment by judgment of courts.

Affirmed.

---

3. "No state shall * * * pass any * * * Law impairing the Obligation of Contracts."