**In the Matter of FOOD CENTER OF DELHI, INC.**

**No. 24071.**

United States District Court,
W. D. Louisiana, Monroe Division.

Jan. 25, 1973.

Crawford A. Rose, Jr., Delhi, La., for the bankrupt.

James E. Lewis, Monroe, La., for the trustee.

John T. Seale, Lancaster, Baxter & Seale, Tallulah, La., Louis D. Smith, Hayes, Harkey, Smith & Cascio, Monroe, La., for the opposing creditor.

DAWKINS, Chief Judge.

## RULING ON REVIEW

The question presented for review in this Bankruptcy matter is whether the Referee in Bankruptcy should recognize an alleged vendor's lien and privilege claimed by P. P. Williams Company. P. P. Williams Company (petitioner) is a Mississippi corporation duly authorized to do and doing business in the State of Louisiana. The Food Center of Delhi is a Louisiana corporation having its principal place of business in Delhi, Richland Parish, Louisiana.

P. P. Williams Company is a creditor of the Bankrupt, having sold certain groceries to Food Center. The Bankrupt had purchased groceries from petitioner for a period of approximately six months immediately preceding the filing of the petition in Bankruptcy.

October 30, 1970, the Bankrupt received from P. P. Williams Company a shipment of groceries and other merchandise which had a value of approximately $9,000.00 and was to have been paid for by cashier's check on Monday, November 2, 1970, the date of the Bankruptcy. Consequently, petitioner has received no monies for his final shipment. Out of the final shipment, several cases of groceries, merchandise and cigarettes remained unbroken and segregated from the rest of the goods in the warehouse. The value of these unbroken and segre-

gated cases of merchandise is $5,716.59. These items are easily identifiable.

Petitioner also claims a vendor's lien on several boxes of Hershey's chocolates and chocolates products. These Hershey products were in the front of the Food Center. Approximately 80% of these boxes had not been opened and were identifiable from the rest of the merchandise in the store. These products had been shipped to the Food Center directly by the manufacturer, domiciled in Hershey, Pennsylvania, and a bill sent to P. P. Williams Company, which was for $657.06. Eighty per cent of this sum is $525.66. Petitioner asserts a vendor's lien in that amount.

Petitioner bases its claim of a vendor's privilege on the assertion that the sale was consummated in the State of Louisiana, and, alternatively, if the Court finds that the sale was consummated in Mississippi, petitioner asserts that he has a right of reclamation under the Uniform Commercial Code, which has been adopted by that State.

After several of the Bankrupt's checks were returned NSF, petitioner and the Bankrupt made arrangements whereby the merchandise would be delivered before Saturday, and payment therefor would be picked up by an agent of P. P. Williams Company on Monday; and if the monies derived from the sale of the products were short to pay the price in full on Monday, the balance would be paid on Tuesday. It is clearly apparent that the Bankrupt was given credit from Friday until Monday, and, if necessary, additional credit until Tuesday.

Without doubt, this sale was consummated in Mississippi. The Bankrupt mailed an offer to petitioner in Mississippi which petitioner could either accept or reject; credit was checked and inventory was verified before actual loading, and the sale was perfected as soon as there was an agreement for the object, i. e., when the specific objects were separated from the mass. Louisiana Civil Code, Article 2456. However, since this sale was made and completed in Mississippi, that article has no application here as is hereinafter noted.

After concluding that this sales contract was completed in Mississippi, we turn to the applicability of Article 3227 of the Louisiana Civil Code, which provides for the vendor's privilege on movables. "Louisiana Courts have long held that the preference granted by this statute does not extend to vendors who make sales outside of the State of Louisiana." In re Hoover, 447 F.2d 195 (5th Cir., 1971). P. P. Williams Company knew that the goods would be delivered in Louisiana. Therefore, the rule that such contracts will be enforced when a sale is made outside the State and the goods are brought into the State without the vendor's consent is not applicable here.

Petitioner's alternative contention that it has a privilege on the goods under Mississippi law is also without merit. The reclamation remedy provided by the Uniform Commercial Code, Section 41(a):2–702, requires a showing of fraud or of deceit, which was not present in the instant situation. Here, the creditor knew of the debtor's financial situation and was attempting to provide an arrangement whereby he could sell goods to the Bankrupt with the smallest amount of credit possible. Petitioner was taking the risk that the debtor would make enough money Saturday by selling the particular goods ordered to be able to pay him the price on Monday for such goods.

We agree with the Referee that the claim concerning a vendor's lien on the Hershey products is even weaker than that claim upon the groceries and merchandise. As the Referee has stated in his opinion, the Hershey products were delivered to Food Center of Delhi, Inc., from Hershey, Pennsylvania, having only been purchased through the P. P. Williams Company.

Thus, it must be held that there was no vendor's lien or privilege established in favor of P. P. Williams Company, and therefore, the Referee in Bankruptcy was

correct in refusing to recognize P. P. Williams Company as a secured creditor in the Bankruptcy proceedings.

There is no need to reiterate the opinion of the Referee here. Accordingly, on review, the ruling of the Referee is affirmed.