In the Matter of **Rufus Lester LEGGETT, Jr., Bankrupt.**

**COMMERCIAL CREDIT CORPORATION, Appellant,**

v.

Rodney **BERNARD, Jr.,** Trustee, Appellee.

No. 74–1072.

United States Court of Appeals, Fifth Circuit.

Dec. 13, 1974.

Warren A. Perrin, Lafayette, La., for appellant.

Rodney Bernard, Jr., Lafayette, La., for Trustee.

Before TUTTLE, RONEY and GEE, Circuit Judges.

PER CURIAM:

Rufus Lester Leggett, Jr. purchased a mobile home on credit in Georgia. Commercial Credit Corporation, assignee of the purchase money note and security agreement, perfected a security interest on that collateral under Georgia law. Leggett moved from Georgia to Louisiana, taking his mobile home with him. Commercial Credit, although aware of the relocation of the collateral, did not register its lien or otherwise perfect its security interest in the State of Louisiana. When Leggett went bankrupt, Commercial Credit filed a proof of secured claim in the bankruptcy proceeding. The trustee objected to the secured nature of the claim. The referee in bankruptcy, affirmed by the district court, relegated the claim to unsecured status. The issue on this appeal is whether, under Louisiana law, Commercial Credit lost its secured interest in the property by failing to perfect a lien in Louisiana within a reasonable time after it knew of the relocation.

■ Section 70(c) of the Bankruptcy Act, commonly referred to as the strong-arm clause, provides a bankruptcy trustee with the rights and powers of a hypothetical creditor seizing property under an ordinary judgment. 11 U.S.C.A. § 110(c). Under the law of Louisi-ana, a seizing judgment creditor obtains a "privilege" on the property seized which entitles him to a preference over ordinary or general creditors, LSA–C.C. P. art. 2292, and over a creditor holding an imperfect security device. In re Pine Grove Canning Co., 226 F.Supp. 872, 878 (W.D.La.1964), aff'd, 362 F.2d 605 (5th Cir. 1966); General Motors Acceptance Corp. v. Stoma, 241 So.2d 816 (La.App. 1970). Commercial Credit's failure to take the steps necessary to perfect its foreign security interest in Louisiana for some sixteen months after it unquestionably knew of the presence of the collateral in Louisiana makes unavailing the protection that Louisiana courts may extend to a foreign creditor whose collateral has been moved into that state without his knowledge or acquiescence. See, e. g., Universal C.I.T. Corp. v. Hulett, 151 So.2d 705, 707–708 (La.App. 1963). The bankruptcy court correctly held the claimant's security interest in the mobile home invalid against the bankruptcy trustee.

■ Commercial Credit argues that even if the written security instrument is insufficient, it should have a secured position under the Louisiana Vendor's Lien Law, which provides in part:

He who has sold to another any movable property, which is not paid for, has a preference on the price of his property, over the other creditors of the purchaser, whether the sale was made on a credit or without, if the property still remains in the possession of the purchaser.

So that although the vendor may have taken a note, bond or other acknowledgment from the buyer, he still enjoys the privilege.

Louisiana Civil Code, Article 3227.

The argument fails because Louisiana courts have long held that the privilege granted by Article 3227 does not extend to vendors on sales made outside the State of Louisiana. In re Hoover, 447 F.2d 195, 197 (5th Cir. 1971); George D. Witt Shoe Co. v. J. A. Seegars & Co., 122 La. 145, 47 So. 444 (1908). There

is no question here but that the entire transaction took place in Georgia. The sales agreement retained only a security interest in the collateral, and not title, as in the case of a conditional sales contract. Commercial Credit points out that the referee relied on In re Wallace Lincoln-Mercury, Inc., 326 F.Supp. 1243 (W.D.La.1971), which was reversed by this Court at 469 F.2d 396 (5th Cir. 1972). This avails nothing to appellant, however, because we merely held the transaction there had sufficient Louisiana contacts to qualify as a Louisiana purchase. Absent *any* Louisiana contacts at the time title passed to the purchaser, the Louisiana vendor's privilege is not available to Commercial Credit.

Affirmed.